■ JOHN DULBER, Respondent, v. SYLVIA DULBER, Appellant.— In an action for divorce, defendant wife appeals from so much of a judgment of the Supreme Court, Queens County, entered July 2, 1970, as denied her application for alimony and awarded her a counsel fee of only $500. Her notice of appeal states that she seeks to bring up for review so much of an order of the same court, dated December 16, 1969, as denied her motion to examine plaintiff before trial. Appeal from order dismissed, without costs. The order is not properly brought up for review upon appeal from the judgment (CPLR 5501, subd. [a], par. 1; *Matter of Seltzer* v. *Wendell,* 11 A D 2d 805). It would have been reviewable only upon a separate, timely appeal. Judgment modified, on the law and in the exercise of discretion, by striking therefrom the second decretal paragraph, which denied alimony, and substituting in its place a provision awarding appellant alimony of $42.50 per week, commencing as of July 3, 1970. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion the trial court's denial of alimony to defendant was an improvident exercise of discretion under the circumstances of this case. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ FRANKLIN NATIONAL BANK, Respondent, v. MICHAEL BARON, Judgment Debtor, and MICHAEL R. BARON, Appellant.— In a proceeding against appellant to enforce a default judgment, the appeal is from an order of the Supreme Court, Nassau County, dated September 25, 1970 and made after a hearing, which denied appellant's motions (a) for a protective order pursuant to CPLR 5240 relieving and vacating the restraining notices served by the judgment creditor upon appellant's depositories and to stay enforcement proceedings and (b) to release and vacate an execution upon the judgment. Order reversed, on the law, without costs, and proceeding remitted to Special Term, for a new hearing and a new determination, in accordance with the views herein set forth. The questions of fact have not been considered on this appeal. Special Term erred in basing the denial of appellant's motions on its finding that he should be held responsible for the overdraft. That was not the issue here. The question which must be resolved at the hearing is whether appellant is the person whom respondent actually sued and served with the summons, as well as whether he is the actual judgment debtor. Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.