■ In the Matter of GAVIN H. WATSON, Appellant, v. AMY S. WATSON, Respondent.— Order and judgment, Supreme Court, New York County, entered October 18, 1971 and November 15, 1971, respectively, which dismissed the husband's petition, pursuant to section 248 of the Domestic Relations Law, to

eliminate the provision for alimony of $2,000 a month in a final judgment of divorce made December 3, 1965, and awarding counsel fees and expenses, modified, on the law, with respect to counsel fees and, in the exercise of discretion, reducing such fees to $10,000, and remanded for a hearing pursuant to CPLR 3123 to determine the amount due to the husband, petitioner-appellant, in connection with the failure of the respondent-respondent wife to make admissions, and otherwise affirmed, without costs and without disbursements. Rather than a commitment similar to the old common-law marriage without clergy or state sanction, the wife's situation amounts to intermittent intimacy with the same male, being more than a " brief encounter " and perhaps a " liaison dangereuse ", but not quite " habitually living with a man *and* holding herself out as his wife although not married to such man ". (Italics added.) A good deal of the substantial amount of time given to this proceeding by the attorney for the wife was because of the wife's failure to admit pursuant to a proper demand therefor in accordance with CPLR 3123. Under the circumstances, the award of counsel fees was excessive to the extent indicated. Concur — Stevens, P. J., Kupferman, Steuer and Capozzoli, JJ.; Murphy, J., dissents in part in the following memorandum: I agree that the matter should be remanded for a hearing, pursuant to CPLR 3123; but would otherwise affirm the order and judgment appealed from. While respondent's counsel undoubtedly devoted some time to proceedings necessitated by his client's failure to make certain admissions, Special Term has already substantially reduced the counsel fees requested to $13,500. On the record before us, particularly counsel's detailed statement of services rendered, I find no justification or merit for any further reduction to $10,000. Accordingly, the order and judgment appealed from, in so far as it dismissed appellant's petition and awarded counsel fees and expenses to respondent, should be affirmed.