MAXINE STERN, Respondent, v. AARON STERN, Appellant.— In this action against plaintiff's former husband to recover moneys allegedly owing under a separation agreement and a Mexican divorce decree, plus a counsel fee, defendant appeals, as limited by his brief, from so much of an order-judgment of the Supreme Court, Nassau County, entered August 10, 1972, as, upon plaintiff's motion for summary judgment, constituted a judgment. Order-judgment modified by striking therefrom the first decretal paragraph thereof, which is in judgment form in favor of plaintiff against defendant, and substituting therefor a provision granting plaintiff's motion for summary judgment, but staying entry of judgment thereon pending determination of

the issues raised in defendant's fourth counterclaim. As so modified, order-judgment affirmed insofar as appealed from, without costs. The separation agreement was incorporated in and survived the divorce decree. Article 5 of the agreement provides that the monthly sum required to be paid by the husband to the wife is to be reduced by a specified sum when each of the two children of the parties attains the age of 21 years, or dies, or marries and takes up residence away from the wife's home. Appellant contends that the intention of the parties was to provide full unallocated support to respondent only if each child resides with her, until one of the stated events occurs. He further contends that because the agreement gave custody of the children to the mother, until such time as the children attain majority or marry, the support and custody provisions are dependent upon each other. We find these contentions to be without merit. The separation agreement is carefully drawn and clearly sets forth the rights, duties and obligations of the respective parties. In article 27 thereof the parties expressly stated, inter alia: "This agreement is entire and complete and embodies all understandings and agreements between the parties * * * and * * * there is no other agreement, oral or written, between them." Where, as here, a separation agreement provides for monthly unallocated alimony and support payments to the wife, which may be reduced under certain conditions, it is only those conditions, and no others not stated, which will permit of such reduction (Nichols v. Nichols, 306 N. Y. 490; Rehill v. Rehill, 306 N. Y. 126). As to appellant's argument that full payment to respondent was to be made only if the children stay with her until they either reach majority or marry, "The simple answer to this * * * is that the separation agreement contains no such provision" (Rehill v. Rehill, supra, p. 133). Appellant further contends, however, that summary judgment should be denied where there exists a meritorious counterclaim for an amount equal to or greater than that demanded in the complaint. Under the circumstances herein, we are of the opinion that there is no need to require respondent to go to trial on her clearly meritorious cause of action (see Conant v. Schnall, 33 A D 2d 326, 329). Inasmuch as the proposed fourth counterclaim has been held valid and appellant has been given permission to serve an amended answer to include it and respondent has not appealed from that determination, that determination constitutes the law of the case. However, as that counterclaim, if proven, would tend not only to diminish but to defeat respondent's recovery, entry of judgment for respondent should be stayed pending determination of that counterclaim and all the other counterclaims. Hopkins, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.