Arthur S. Hirsch, J.
Motion by defendant wife to punish plaintiff for contempt for having defaulted in the payment of alimony in the sum of $200, and a counsel fee for making the motion.
Cross motion by plaintiff for an order modifying the judgment of divorce by striking therefrom the provision for alimony and related relief.
For all practical purposes, the thrust of plaintiff’s cross motion is to strike the provision in the separation agreement providing for the payment of alimony because defendant allegedly was living openly with another man.
Plaintiff and defendant were married in the State of New York in 1962. There are two issue of the marriage who are 12 years and 11 years of age. Plaintiff is paying child support in the sum of $50 per week, so that is not an issue herein. On September 9, 1971 plaintiff was granted a judgment of divorce against the defendant on the basis of a two-year separation. The judgment incorporated a separation agreement entered into between the parties.
With respect to alimony, the separation agreement provides that plaintiff pay ‘ ‘ the sum of $25 per week for the support of the wife, as long as she does not remarry, in which event payment for her support shall cease.”
A hearing on the issue was held. Plaintiff raised various objections to the payment of the moneys to the wife, including his claim of payment for carpeting and medical bills, which the court dismissed. The sole question remaining relates to the court’s authority to eliminate the alimony provision from the judgment or, in reality, from the separation agreement, because another man is living with defendant. The evidence indicated that such was the case, although not for the past six months.
It is to be noted that the separation agreement in question specifically states that support to the wife is to terminate upon her remarriage. Such an eventuality presents no problem. This provision in the separation agreement is reasonably based upon the fact that a woman must look to her current husband for support rather than to a former husband. Thus, the termination of the former husband’s fluty rests upon a policy not *151 to allow ‘ double support ’ ’ rather than any technical change in the formal marital status of the woman involved. This rationale was recognized by the Legislature when it enacted section 248 of the Domestic Relations Law, which provides that a court may in its discretion eliminate provision for alimony ‘ ‘ upon proof that the wife is habitually living with another man and holding herself out as his wife ”.
In this modern day and age it must be recognized that informal and semiformal relationships akin to that of husband and wife abound. In the instant situation the evidence indicates that the wife received a measure of support during the period of time she was living with the other man.- To cut off support from a woman who remarries and to allow “ double support ” to a woman who enters into a continuous and open unmarried relationship is to make a distinction based upon “ a title ” rather than on the basic policy dealing with the right to support. The law should not condone a situation in which a divorced wife lives openly with another man, receives support from this other man, and still compels a former husband to support her. A woman who enters into such a relationship can truly be considered as having remarried for purposes of eliminating dual support.
The recent case of Steinberg v. Steinberg (Sup. Ct., Kings County, Special Term, Part 5-B, Sept. 9, 1974) also involved a situation where a wife, living with another man, sought to compel a husband to continue alimony payments set in a separation agreement. In that case, this court said: ‘1 By her actions, defendant has forfeited her right to receive alimony from the plaintiff for the period during which she has lived with this other man. To hold otherwise would create a situation where a woman could receive monies from one (or more) men and yet still compel a husband or former husband to pay alimony by the simple expediency of never formally entering into another marriage.”
Steinberg, however, differs from the instant situation in that in the matter now before the court the evidence shows that the defendant wife was not living with another man during the time for which she seeks “arrears.” Thus, the husband is bound by the agreement in respect to his obligation for alimony and is liable for the amount of alimony which he failed to pay.
Accordingly, plaintiff’s cross motion is denied. Defendant’s motion to adjudge plaintiff in contempt for failure to pay accrued alimony in the sum of $200 is granted, and he is fined that amount. He may purge himself of this contempt by paying *152 the said sum within 10 days after service of a copy of an order to he entered herein. Counsel fees on the motion are awarded to the defendant in the sum of $150, payable 10 days after service, of the order to be entered herein.
If plaintiff does not comply as directed, defendant may move for an order of commitment.