ALLEN M. LEFFLER, Appellant, v CHARLOTTE LEFFLER, Respondent.

First Department, December 16, 1975

*Paul P. E. Bookson* for appellant.

*Irving Bloomberg* of counsel *(Berlin Berelson & Rothaus,* attorneys), for respondent.

LUPIANO, J. In this declaratory judgment action, plaintiff seeks a declaration that he is not obligated to pay alimony to defendant pursuant to their written separation agreement. The parties were married in February, 1961. In August, 1969, they entered into a separation agreement which provided in paragraph 6 thereof that the husband shall pay alimony to the wife "[d]uring the life of the [w]ife and until the [w]ife shall remarry". Subsequently, a Mexican decree of divorce was obtained by the plaintiff. The terms of the separation agreement were incorporated in, but not merged with the decree. In commencing this action on or about July 12, 1974, plaintiff alleges that for approximately five years he has been paying alimony to his former wife "pursuant to the aforesaid decree and is not in default" and that she is living with another man, although not formally married to him. He charges that his former wife and the person with whom she is alleged to be living have conspired to conceal the fact of their cohabitation "for the express purpose of attempting to preserve for the defendant [former wife] the right to collect alimony" from the plaintiff. The defendant counterclaimed for alimony arrears commencing with the payment due July 1, 1974. Special Term's granting of the defendant's motion for summary judgment on her counterclaim gives rise to the instant appeal.

It is plaintiff's contention that the issue raised by the pleadings as to whether his former wife is living with another man mandates denial of the summary relief requested by the defendant in light of section 248 of the Domestic Relations Law. The argument is not well taken. Section 248 of the Domestic Relations Law entitled "Modification of judgment or order in action for divorce or annulment" provides in pertinent part: "The court in its discretion upon application of the husband on notice, upon proof that the wife is habitually

living with another man and holding herself out as his wife, although not married to such man, may modify such final judgment and any orders made with respect thereto by annulling the provisions of such final judgment or orders or of both, directing payment of money for the support of such wife". Patently, this provision, by its terms applies to judgments and orders of support. To construe it as applicable to separation agreements would constitute a legislative act which the court may not engage in. Similarly, in viewing the statute as enunciating a policy not to allow "double support", the court may not impair the contract freely entered into by the parties. No assertion of fraud or mistake attendant upon the execution of the separation agreement is made. So long as a separation agreement stands unimpeached, the court cannot alter or change a provision for separate maintenance and support of the wife without the consent of both parties (*Johnson v Johnson,* 206 NY 561; *Goldman v Goldman,* 282 NY 296). Obviously, where the separation agreement is impeached, the court under appropriate circumstances is justified in reforming the contract so as to make it conform to the agreement actually made and intended. However, absent such impeachment, there is no authority for the court to cancel a contract made by the parties and in its place substitute one which it thinks proper but which as a matter of fact the parties had never assented to. In *Levine v Levine* (79 Misc 2d 149), the Supreme Court, Kings County (HIRSCH, J.) enunciated its view that section 248 of the Domestic Relations Law inferentially supports the striking of the provision for alimony in a separation agreement because the wife was living openly with another man. Such view is incorrect for to so hold, in the absence of the agreement being impeached, would result in substituting the decision of the court for the agreement of the parties as to the amount of allowance, thus making a new agreement in the place of the one adopted by the parties (*Stoddard v Stoddard,* 227 NY 13). The agreement is binding upon the parties unless and until it is set aside (*Nusbaum v Nusbaum,* 280 App Div 315).

Under these circumstances this court has no power to abrogate the support terms of the separation agreement which provide for the cessation of alimony upon the remarriage of the wife. As this has not even been alleged to have occurred, the defendant is entitled to the payments provided for in the agreement. However, it is also clear that plaintiff on the

instant record is entitled to trial of the issue raised by the pleadings delineated above as it relates to the foreign decree of divorce.

Accordingly, the order and judgment of the Supreme Court, New York County (GOMEZ, J.), entered respectively on February 18, 1975 and March 12, 1975, granting the defendant's motion for summary judgment on her counterclaim for alimony arrears based on the terms of a separation agreement, should be affirmed, without costs and disbursements.

NUNEZ, J. (dissenting). I would reverse and remand for a plenary trial on the issue of whether defendant, plaintiff's former wife, is openly and habitually living with and being supported by another man. The separation agreement, incorporated in a subsequent divorce decree, provided that alimony would cease upon the wife's remarriage. Public policy does not allow double support. Section 248 of the Domestic Relations Law, in recognition of such policy, provides that a court may, in its discretion, eliminate provision for alimony "upon proof that the wife is habitually living with another man and holding herself out as his wife". We should recognize that in this modern day and age relationships akin to that of husband and wife abound.

"To cut off support from a woman who remarries and to allow 'double support' to a woman who enters into a continuous and open unmarried relationship is to make a distinction based upon 'a title' rather than on the basic policy dealing with the right to support. The law should not condone a situation in which a divorced wife lives openly with another man, receives support from this other man, and still compels a former husband to support her. A woman who enters into such a relationship can truly be considered as having remarried for purposes of eliminating dual support." (Levine v Levine, 79 Misc 2d 149, 151; see, also, Steinberg v Steinberg, Sup.Ct., Kings County, Special Term, Part 5-B, Sept. 9, 1974.)

Plaintiff has submitted sufficient proof to defeat defendant's right to summary judgment. He has given the other man's name, the address where his former wife and the other man are living and the date since when they are holding themselves out as husband and wife.

MARKEWICH, J. P., MURPHY and LANE, JJ., concur with LUPIANO, J.; NUNEZ, J., dissents in an opinion.

Order, Supreme Court, New York County, entered on Febru-

ary 18, 1975, and judgment of said court entered thereon on March 12, 1975, affirmed, without costs and without disbursements.