■      In the Matter of HOWARD D. MORGENBESSER, Appellant v GEORGE C. VAN AKEN et al., Respondents. In a proceeding *inter alia* for the appointment of a receiver, petitioner appeals from an order of the Supreme Court, Nassau County, dated July 3, 1975, which denied the application. Proceeding remitted to Special Term for the purpose of conducting a hearing to determine how petitioner's attorney obtained possession of the check in question and appeal held in abeyance in the interim. After considering the record on appeal, including correspondence referred to in the opposing affidavit of Sherman F. Sosnow, Esq., we conclude that a hearing will best resolve the allegations herein. It might be advisable for the Justice who heard this matter to consider whether he should disqualify himself upon the hearing. Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.

■      In the Matter of IRENE MOSCATO, Respondent, v SALVATORE MOSCATO, Appellant.—In a proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Kings County, dated March 26, 1975 and made after a hearing, which, upon reargument as to a prior order of the same court, dated January 6, 1975 (which set arrears at $675 and required a cash bond of $250 on the first default), fixed arrears at $569 and otherwise continued the order of January 6, 1975. Order modified, on the law, by striking that portion thereof which refixed the arrears, and the proceeding is remanded to the Family Court for a further hearing and a new determination on the question of the amount of arrears. As so modified, order affirmed, without costs. In light of the existence of strongly disputed issues of fact as to the amount of the arrears and appellant's payments, it was error for the Family Court to decide those issues without a hearing (cf. *Slater v Slater,* 43 AD2d 535; *Matter of Passonno v Passonno,* 43 AD2d 773; *Matter of Tucker v Tucker,* 41 AD2d 995; *Matter of Hall [Wells-Friedman],* 35 AD2d 758). We note that upon the further hearing, the arrears under the June 21, 1971 support order, as continued by the judgment of divorce between the parties, should be reduced by deleting that portion of the weekly payment which was for the support of the petitioner wife since the date of her remarriage (Domestic Relations Law, § 248). Under the circumstances of this case, it was not an abuse of discretion to require that appellant give a $250 cash bond on the first default. Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.