■ ANNA NORTHRUP, Appellant, v RAY A. NORTHRUP, SR., Respondent. —Order unanimously affirmed, with costs. Memorandum: In this matrimonial case the wife took up residence with a paramour on the day the decree was entered divorcing her from her former husband. She and the paramour shared a bedroom in the latter's apartment and ate meals together. Both worked but she did the laundry and some of the cooking. With the exception of occasional food purchases, he paid all the bills. When her former husband learned of this arrangement he ceased making alimony payments. She moved to have him held in contempt and he cross-moved to have alimony provisions stricken from the divorce decree. Both motions were granted by Supreme Court, Monroe County. Only the wife has appealed. Section 248 of the Domestic Relations Law gives the court the discretionary authority to eliminate alimony provisions from a divorce decree "upon proof that the wife is habitually living with another man and holding herself out as his wife". Here the wife admits living with another man but denies that there was sufficient proof that she held herself out as his wife. We think that there was. Section 248 of the Domestic Relations Law does not require the husband to prove that his former wife made affirmative representations to third parties that she and her paramour were married. The fact that they lived together in what might reasonably be considered a marital relationship is sufficient. Under these circumstances, we shall not disturb the court's finding and its use of discretion (see *Krawczuk v Krawczuk,* 49 AD2d 1003). (Appeal from order of Monroe Supreme Court—modify divorce decree.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.