■ IRVING ABELOW et al., Appellants, v HOWARD DIAMOND et al., Respondents.—Order, Supreme Court, New York County, entered May 4, 1976, unanimously affirmed, with $40 costs and disbursements to respondents. Pursuant to section 619 of the Business Corporation Law, an election of corporate officers has been challenged. There are issues of fact as to the relationship of the parties and their status or lack thereof as corporate directors or officers. These issues must be resolved before the issues of law tendered may be considered. The statute empowers the Special Term to take several courses in respect of such an application, one being to "hear the proofs and allegations of the parties" and another, alternatively, to "take such other action as justice may require." Special Term has ordered a hearing to ascertain the facts. This is appropriate in the circumstances. Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Lane, JJ.

■ LEONARD HIRSCHFIELD, Appellant, v RUTH HIRSCHFIELD et al., Respondents.—Appeal from the order, Supreme Court, New York County, entered March 13, 1975, unanimously dismissed, without costs, and without disbursements. The appeal purports to be from an intermediate order which denied an application to take depositions in aid of plaintiff's cause of action. After a final judgment is entered, an appeal from the final judgment is the only method for reviewing an intermediate order. (See *Jema Props. v McLeod,* 51 AD2d 702; *Dayon v Downe Communications,* 42 AD2d 889.) To review an intermediate order on an appeal from a final judgment pursuant to CPLR 5501 (subd [a], par 1) the order must be one which necessarily affects the final judgment. The order appealed from does not necessarily affect the final judgment and is not properly reviewable on appeal therefrom. (See CPLR 5501, subd [a], par 1; *Dulber v Dulber,* 37 AD2d 566.) Order, Supreme Court, New York County, entered August 6, 1975, dismissing the complaint, unanimously affirmed, without costs, and without disbursements. In reliance on section 248 of the Domestic Relations Law, plaintiff-appellant claims his former spouse to have brought about termination of their separation agreement in that her open and notorious quasi-marital relationship with another man is the equivalent of remarriage. We have heretofore held that the statute may not be availed of for this purpose. *(Leffler v Leffler,* 50 AD2d 93, 95.) Concur—Markewich, J. P., Murphy, Lupiano, Birns and Nunez, JJ.