■ MARTIN M. GOLDBERG, Appellant, v BETTY L. GOLDBERG, Respondent.—Order and judgment (two papers), Supreme Court, New York County, entered March 6, 1976 and March 16, 1976, respectively, unanimously affirmed, without costs or disbursements. The terms of the separation agreement specifically provided that alimony be terminated upon remarriage. Remarriage is not alleged to have occurred and the court "may not impair the contract freely entered into by the parties" *(Leffler v Leffler,* 50 AD2d 93, 95). Concur—Markewich, J. P., Silverman, Capozzoli and Lane,

JJ.; Kupferman, J., concurs in the following memorandum: I concur on constraint of *Leffler v Leffler* (50 AD2d 93). Were it not for that decision, I would reverse the summary judgment determination and remand for proceedings leading to trial. Although the separation agreement between the parties which was incorporated in but not merged in the foreign decree of divorce, refers to remarriage in order to terminate support and maintenance, "habitually living with another man and holding herself out as his wife, although not married to such man" (Domestic Relations Law, § 248; see *Matter of Watson v Watson,* 39 AD2d 660), if proven, should be considered the equivalent.