York a C. Linakis, J.
Petitioner Paul S. has filed for a downward modification of the Family Court support order dated April 11, 1972, by which he was directed to pay his exwife Roberta S. (respondent) the sum of $60 per week plus $5 per week on arrears. Petitioner urges that the court terminate the current support order and vacate any arrears pursuant to section 248 of the Domestic Relations Law which provides: "The court in its discretion upon application of the husband on notice, upon proof that the wife is habitually living with another man and holding herself out as his wife, although not married to such man, may modify such final judgment and any orders made with respect thereto by annuling the provisions of such final judgment or orders or of both, directing payment of money for the support of such wife.”
After a hearing, the court finds that petitioner has carried his burden of proof under section 248 of the Domestic Relations Law. Respondent admits that in 1971 she shared an apartment with Barry S. in the Bay Terrace Co-op. An application for an apartment in Bay Terrace Co-op, Inc., was signed by Barry S. and states that he is married and gives his wife’s name as Roberta. The court finds that petitioner was aware of this application. The court further finds from all the testimony and exhibits that respondent and Barry S. cohabited from 1971 to the present and now reside at 14-23 212th Street, Bayside, New York. From 1971 to the present, they have also held themselves out as husband and wife. This was established not only by Exhibit B but by other documents and testimony as well. Respondent’s 1973, 1974, 1975, and 1976 W-2 forms are under the name "Roberta S.” The records of the school where she worked list her as married to Barry S. Respondent has submitted medical claims for Barry S. as her husband. Respondent’s driver’s license is under the name "Roberta S.” *213 In sum, the court is well satisfied that petitioner has proven his case under section 248 of the Domestic Relations Law.
It was also established that the parties were divorced on May 19, 1971 and a separation agreement was incorporated but not merged therein. By the terms of the fifth paragraph of that agreement, petitioner agreed to pay $60 per week to respondent as alimony until either party dies or the wife remarried. Respondent argues that the existence of this paragraph of the separation agreement prevents the Family Court from terminating its support order pursuant to section 248 of the Domestic Relations Law — that to do so would be to rewrite the separation agreement.
This court is mindful that it cannot reform a separation agreement. (Matter of Larney v Brown, 70 Misc 2d 546; Brown v Brown, 71 Misc 2d 11.) However, a distinction should be made between the parties’ rights under the separation agreement and their rights under a divorce decree. It has long been the rule in this State that, in a proper case, a court may modify judicially decreed alimony without impairing the parties’ rights under the separation agreement. (Goldman v Goldman, 282 NY 296; McMains v McMains, 15 NY2d 283.)
When this distinction is kept in mind, Leffler v Leffler (50 AD2d 93, affd on opn below 40 NY2d 1036) is more readily understood. In Leffler, a divorced husband brought an action for a declaratory judgment that he was not obligated to pay alimony pursuant to a separation agreement that was incorporated but not merged in the divorce decree. The former wife counterclaimed for the alimony arrears due under the separation agreement and was granted summary judgment. Upon the former husband’s appeal, the Appellate Division, First Department, held (p 95) that the above-quoted provision of section 248 of the Domestic Relations Law applied to judgments and orders but not to separation agreements. "Patently, this provision [of Domestic Relations Law, § 248] by its terms applies to judgments and orders of support. To construe it as applicable to separation agreements would constitute a legislative act which the court may not engage in.” Leíñer, affirms the grant of summary judgment to the wife based on the separation agreement, but, as this court reads the decision, would allow the termination of the court-ordered support. "Under these circumstances this court has no power to abrogate the support terms of the separation agreement which provide for the cessation of alimony upon the remarriage of *214 the wife. As this has not even been alleged to have occurred, the defendant is entitled to the payments provided for in the agreement. However it is also clear that plaintiff on the instant record is entitled to trial of the issue raised by the pleadings delineated above as it relates to the foreign decree of divorce. ” (Emphasis added, pp 95-96.) Thus the above-quoted provision of section 248 of the Domestic Relations Law can be used to terminate a former wife’s support under a divorce decree but cannot be used to impair her rights under the separation agreement. The former wife is left to her remedies in a contract action.
The support order of this court dated April 11, 1972 is hereby terminated without prejudice to respondent’s rights under the separation agreement which she may pursue in another forum.
On proof of the former wife’s remarriage, the alimony provisions of a divorce decree are eliminated nunc pro tunc as of the date of the remarriage. (Kirkbride v Van Note, 275 NY 244.) A similar rule should be applied in the instant proceeding where the respondent clearly proved that cohabitation began even prior to the current Family Court order. Arrears due under that order are canceled. The court further notes that section 458 of the Family Court Act gives it the discretion to cancel arrears in a proper case. Here the former wife has in effect concealed her cohabitation from the court while both her paramour and her former husband contributed to her household expenses. Respondent herein should not be placed in a more advantageous position than a former wife who remarries. Arrears due under the Family Court support order dated April 11, 1972 are canceled and respondent is left to her remedies under the separation agreement.