■ LORRAINE DE ANGELO, Respondent-Appellant, v HAROLD ALTMAYER, Appellant-Respondent.—Order, Supreme Court, New York County, entered on April 21, 1976, granting, in part, plaintiff's motion for partial summary judgment, and judgment entered thereon on May 4, 1976, unanimously reversed, on the law, the judgment vacated, and the motion for partial summary judgment denied, without costs and without disbursements. The cross appeals are unanimously dismissed as academic, without costs and without disbursements. The parties married and resided in the State of New Jersey, entered into a separation agreement in that State which provides that it is to "be construed and governed in accordance with the laws of the State of New Jersey" and they obtained a divorce in the courts of New Jersey. Under the circumstances, Special Term erred in applying New York law to the matter before it. The circumstances of the parties and the application to the situation at bar of the law of New Jersey raise questions of fact which can only be determined after a plenary hearing. Concur— Murphy, P. J., Kupferman, Silverman and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL RIVERS, Appellant.—Judgment, Supreme Court, New York County, rendered July 8, 1975, convicting defendant after jury trial of two counts of criminal sale of a controlled substance, third degree, three counts of criminal possession of a controlled substance, seventh degree, and one count of criminal possession of a controlled substance, fifth degree, unanimously modified, on the law, to dismiss counts three and six of the indictment charging criminal possession of a controlled substance in the seventh degree, and otherwise affirmed. On the facts of this case, the defendant could not have committed the criminal sales in the third degree without having committed criminal possession in the seventh degree as charged in the third and sixth counts of the indictment. Where the verdict is comprised of inclusory concurrent counts, a verdict of guilty on the greater is deemed a dismissal of the lesser counts. *(People v Lee,* 39 NY2d 388, 390; *People v Arbore,* 48 AD2d 615.) We have examined the other points raised by appellant and find them without merit. Concur—Murphy, P. J., Birns, Evans and Capozzoli, JJ.