*443 OPINION OF THE COURT
David O. Boehm, J.
This is an application brought by Janice Cameron, plaintiff, against her former husband, Joseph J. Cameron, III, defendant, requiring him to show cause why he should not be held in contempt for having failed to pay alimony of $50 per week as required by the decree of divorce of June 24, 1975, for a period of 41 weeks. The other relief sought by plaintiff was resolved at argument on the return day and will not again be taken up here.
Defendant does not deny failure to pay alimony, but cross-moves for an order striking the alimony requirement from the divorce decree because plaintiff has been living with another man as husband and wife and she has therefore forfeited her right to alimony pursuant to section 248 of the Domestic Relations Law, citing Northrup v Northrup (52 AD2d 1093).
Although not denying the defendant’s claim that she is living under the same roof with another man as husband and wife, the plaintiff argues that defendant is nevertheless obligated for all of the alimony arrearages and must continue to pay alimony in the future because of the requirements of the separation agreement entered into between plaintiff and defendant on April 10, 1975, the terms of which were incorporated in the decree but survived it. Plaintiff cites Leffler v Leffler (50 AD2d 93, affd 40 NY2d 1036) in support.
There is no doubt that Leffler v Leffler requires the defendant to continue to pay alimony in this case until death or plaintiff’s remarriage. As the Appellate Division pointed out, section 248 of the Domestic Relations Law applies only to judgments and orders of support, not to separation agreements. "So long as a separation agreement stands unimpeached, the court cannot alter or change a provision for separate maintenance and support of the wife without the consent of both parties [citations] * * * The agreement is binding upon the parties unless and until it is set aside.” (50 AD2d 93, 95, supra.)
However, LeSler involved a counterclaim for alimony arrears upon an action for declaratory judgment and the court granted summary judgment upon the wife’s counterclaim. The present proceeding is one for an order of contempt because of the defendant’s failure to pay alimony as required by the decree, not the separation agreement. The cross motion seeks *444 to strike from the decree, not the separation agreement, the provision regarding alimony because of the relief permitted by section 248 of the Domestic Relations Law.
The Fourth Department case of Northrup v Northrup (52 AD2d 1093, supra) involved a motion brought by the wife to hold the husband in contempt for failing to pay alimony as required by the divorce decree as in the instant case. Similarly, the husband moved to have the alimony provisions stricken from the divorce decree because the former wife was living with her paramour. The Appellate Division held that where the wife is living with another man, section 248 of the Domestic Relations Law does not require actual proof that the parties were affirmatively holding themselves out as married. That they are living together in what might be considered a marital relationship is sufficient, the court held, to grant the relief sought by the husband.
As the defendant correctly points out, the plaintiff is not suing for alimony in an action at law under the separation agreement, in which case Leíñer would make the fact that the plaintiff is living with a man no defense. Rather, the plaintiff has chosen to seek an order of contempt for the failure of defendant to comply with the alimony requirements of the decree and, in such case, Northrup would make her living with a man a complete defense. Indeed, the defense would preexist the bringing of the application and would take effect nunc pro tunc to the time the wife first began living with a man. Although the reported cases involve remarriage, the same rule would appear to have equal application to cohabitation with a paramour (see Kirkbride v Van Note, 275 NY 244; Moscato v Moscato, 50 AD2d 894, app dsmd 38 NY2d 1003; Reichel v Sollazzo, 38 Misc 2d 217).
Therefore, it is necessary to a determination of the plaintiff’s application for an order of contempt and the defendant’s cross motion to ascertain whether the plaintiff is actually living with a man in what might reasonably be considered a marital relationship. Even if the proof shows that the plaintiff and a man are living together, the wife should be given an opportunity to rebut the presumption which arises under such circumstances by affirmative proof (Stern v Stern, 88 Misc 2d 860).
Accordingly, the matter is referred for a hearing following which the court may then make a determination with respect to the issues raised here. Any such determination would, of *445 course, be without prejudice to the plaintiffs right to pursue her remedies in a legal action for alimony under the separation agreement.