OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the plaintiff for an order pursuant to section 244 of the Domestic Relations Law directing that the plaintiff have a money judgment against the defendant in the sum of $28,805, representing unpaid alimony accruing under the judgment of divorce granted July 6, 1973, to October 18, 1977, together with appropriate interest, costs and expenses of *191 the plaintiff in accordance with section 238 of the Domestic Relations Law.
Defendant cross-moves for an order directing reformation and modification of the separation agreement on the grounds of impossibility of performance and the unconscionability of said agreement with respect to alimony, and modifying the judgment of divorce with respect thereto.
Defendant contends that, due to drastic changes in his employment and financial circumstances since 1973, he has been unable to make consistent payments to the plaintiff pursuant to the agreement. He contends that he has lost his business and has been unemployed for months.
Defendant further alleges in his affidavit in opposition to the motion that his changed financial circumstances are the result of reversals in the contracting business which resulted in the complete loss of his former business, N. C. Bach, Inc. In 1974 and 1975, he lost $55,000 and $70,000 respectively. He was required to dissolve said business in the fall of 1975 as it then had debts of more than $150,000. During the period from 1972 to 1976, his taxable income had been reduced from $47,060 to less than $6,000 annually.
Defendant further alleges that his income for the current tax year has not increased substantially over that received in 1976. As of September 15, 1977, he had been unemployed for four months of the current tax year and his annual taxable income to September 15, 1977 was $4,750. He has just found employment at a weekly salary of $250.
Defendant further contends that not only has his financial situation deteriorated, but his standard of living had declined sharply. In contrast to his own changed financial circumstances, defendant contends that those of the plaintiff have remained stable, and that their joint taxable income in 1972 was $45,124, approximately $9,500 of which represented plaintiff’s income, and that plaintiff’s current annual income has remained at said level or improved.
Defendant further alleges that the predivorce standard of living of the plaintiff and himself was based on income from two sources which peaked in 1972, to wit: taxable income from his business in 1972 ($41,060) and income from plaintiff’s employment in 1972 ($6,000), or a combined taxable income of $47,060. That based on the contribution he made to their total annual family income in the following two years ($35,500 in 1973 and $15,800 in 1974), the alimony burden incorporated in *192 the separation agreement ($250 per week, or $13,000 annually) was clearly unfair and unconscionable on its face. That said alimony responsibility called for almost 90% of his taxable income, based on the earnings of 1973, and was in excess of his taxable income in 1975 ($10,000). That his agreement to this settlement and his later attempts to pay such exorbitant alimony were efforts on his part to demonstrate good will. That his simultaneous assumption of total fiscal responsibilities for the two children of the marriage was similarly motivated. That it only became clear after execution of the agreement that his business interests would not improve and return to their pre-1972 level. That his attempt to demonstrate good will in undertaking contractual commitments to the plaintiff and their children were ill-founded and imprudent. That the contractual commitment itself was then and remains impossible to perform and that to continue such payments, considering his present financial plight, is clearly impossible, and that in order to achieve a fairer balance of equities reflecting their previous as well as their current mutual circumstances, the said alimony provisions should be modified substantially for the future and all current arrearages waived.
Defendant further contends that the present alimony amount is excessive in relation to plaintiff’s current and prospective needs. Further he contends that plaintiff has not demonstrated an absolute need for alimony under her present circumstances and that plaintiff is currently earning a greater annual salary than is defendant and her needs and expenses are such as do not require contribution from him. That both of their children have attained their majority, finished their education with defendant’s support, have become emancipated and taken up residence outside plaintiff’s home. Defendant further contends that to continue alimony payments to plaintiff at either the original level established in 1973 ($13,000) or in the modified amount established for 1976 ($7,800 per year), or to pay arrearages outstanding, would require more than his current annual income, and the enforcement of such provisions under his present circumstances, would be unfair and place him at serious risk of becoming a public charge.
On the other hand, plaintiff alleges in her affidavit in reply to defendant’s affidavit that defendant is now living in a very expensive apartment in the fashionable French Quarter of New Orleans.
The judgment of divorce contains the following provisions: *193 "ordered, adjudged and decreed, that all questions concerning child support, alimony, property rights and financial matters and all other matters between the parties herein shall be governed by a certain Separation Agreement entered into by and between the plaintiff and defendant herein dated May 29, 1973, marked and designated plaintiffs exhibit #1 in the evidence which shall be incorporated into the final Decree of Divorce by reference and it shall survive but shall not merge in this final Decree of Divorce”.
Section 244 of the Domestic Relations Law provides in part as follows: "Where the husband in an action for divorce * * * makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the court in its discretion may make an order directing the entry of judgment for the amount of such arrears, or for such part thereof as justice requires having a regard to the circumstances of the respective parties, together with ten dollars costs and disbursements * * * provided that when a judgment for such arrears or any part thereof shall have been entered pursuant to this section, such judgment shall thereafter not be subject to modification under the discretionary power granted by this section; and after the entry of such judgment the judgment creditor shall not hereafter be entitled to collect by any form of remedy any greater portion of such arrears than that represented by the judgment so entered.”
Now the question is, "Does this court have the discretion to limit judgment under section 244 to any amount less than the full amount of the arrears created by the defendant’s default in paying the sum of money required to be paid by him under the separation agreement which was incorporated by reference into the judgment of divorce but which specifically survived the judgment and did not merge in the judgment?”
This court is of the opinion that since this court cannot reduce the amount of alimony provided for in the agreement, for judgment purposes, it must grant judgment in the full amount of the arrears. This court can reduce the amount of the alimony pursuant to section 246 of the Domestic Relations Law when the defendant is unable to pay. However, section 246 is limited to proceedings to punish for contempt of court. It is this court’s opinion that under section 244 in a proceeding for judgment for arrears, the courts of this State can only reduce the amount of the arrears retroactive when the court fixed the support and there is no surviving separation agree *194 ment as when there was no separation agreement or when the separation agreement merged in the decree of divorce, but cannot do so when the separation agreement shall survive the final judgment.
The Appellate Division, First Department, in Leffler v Leffler (50 AD2d 93, 95) nicely stated the law of this State as it applies to modifications of support provisions of divorce decrees or judgments when a separation agreement survives the judgment, when it stated: "the court may not impair the contract freely entered into by the parties. No assertion of fraud or mistake attendant upon the execution of the separation agreement is made. So long as a separation agreement stands unimpeached, the court cannot alter or change a provision for separate maintenance and support of the wife without the consent of both parties (Johnson v Johnson, 206 NY 561; Goldman v Goldman, 282 NY 296). Obviously, where the separation agreement is impeached, the court under appropriate circumstances is justified in reforming the contract so as to make it conform to the agreement actually made and intended. However, absent such impeachment, there is no authority for the court to cancel a contract made by the parties and in its place substitute one which it thinks proper but which as a matter of fact the parties had never assented to * * * The agreement is binding upon the parties unless and until it is set aside (Nusbaum v Nusbaum, 280 App Div 315).”
The motion of the plaintiff for a money judgment against the defendant in the sum of $28,805, together with appropriate interest, costs and expenses of the plaintiff, is granted. The cross motion of the defendant is denied.