■ MARIAN GOODMAN, Appellant, v WILLIAM GOODMAN, Respondent.— Order, Supreme Court, New York County, entered July 26, 1977, granting so much of plaintiff's motion for partial summary judgment dismissing the fourth, fifth and ninth affirmative defenses alleged in the answer and denying so much of plaintiff's motion for partial summary judgment dismissing the third, sixth and eighth affirmative defenses and counterclaim and so much of the first, second and seventh affirmative defenses as relate to arrears in alimony allegedly due under a separation agreement entered into between the parties, unanimously modified, on the law, to the extent of dismissing the second, third, sixth, seventh and eighth affirmative defenses

and counterclaim contained in the answer, and otherwise affirmed, without costs and without disbursements. Defendant claims the parties agreed to terminate future alimony and child support payments in return for defendant's payment to plaintiff of the sum of $500 for certain extra expenses incurred and his further agreement to pay the costs for the children's college and other necessary expenses. It is undisputed that for the next three years defendant paid no alimony or child support and plaintiff sought no such payment. Plaintiff denies any such agreement to terminate or modify the alimony provisions of the separation agreement. She asserts she made no attempt to enforce her rights only because of defendant's representation toward the end of 1972 that he was financially unable to continue payments required under the agreement. On January 16, 1976, plaintiff wrote to defendant requesting that he reimburse her for some $4,000 expended by her over the past few years. The letter included a postscript, stating that plaintiff might require resumption of alimony in the future. Based upon this factual dispute, Special Term appropriately denied the motion for partial summary judgment striking the first affirmative defense, which alleges a modification or waiver of the separation agreement. The function of the court upon motion for summary judgment is issue-finding, not issue-determination *(Esteve v Abad,* 271 App Div 725, 727). To grant summary judgment, it must clearly appear that there are no material issues of fact *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). The fourth (Statute of Limitations), fifth (lack of subject matter jurisdiction) and ninth (plaintiff's common-law marriage with another man) affirmative defenses were properly stricken and no appeal from that branch of the order has been taken. On the appeal, defendant has consented to dismissal of the second (accord and satisfaction), third (plaintiff's alienation of the children of the marriage in violation of the separation agreement), sixth (laches) and seventh (general release) affirmative defenses. The eighth affirmative defense alleging that plaintiff had been living with another man and had been holding herself out as his wife is legally insufficient and should have been stricken. Where a separation agreement provides for termination of alimony only upon remarriage of the wife, the obligation continues even where the wife is habitually living with another man and holding herself out as his wife, although not actually married *(Leffler v Leffler,* 50 AD2d 93, affd 40 NY2d 1036; *Hirschfield v Hirschfield,* 54 AD2d 656; *Goldberg v Goldberg,* 54 AD2d 837). In *Hirschfield,* this court specifically rejected the contention that an open and notorious quasi-marital relationship with another man is equivalent to remarriage, despite the provisions of section 248 of the Domestic Relations Law. That section has no application to separation agreements. *(Leffler v Leffler, supra; Northrup v Northrup,* 43 NY2d 566). Moreover, there is no evidence submitted that plaintiff held herself out as the wife of another man. Similarly deficient is the counterclaim alleging that plaintiff had in fact remarried. The bare allegation by defendant that plaintiff had remarried and had improperly received alimony during her remarriage is insufficient. A party in opposition to a motion for summary judgment must assemble and lay bare his proof to establish affirmatively the existence of genuine triable issues of fact. Conclusory assertions and mere reliance upon pleaded allegations are insufficient for that purpose. In the absence of sufficient evidentiary proof to support defendant's allegation that plaintiff had remarried, that branch of the motion for partial summary judgment dismissing the counterclaim should have been granted. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.