■ BARBARA M. NULL, Respondent, v DOUGLAS P. NULL, Appellant.—In

an action to enforce a separation agreement, which agreement was later incorporated but not merged into a judgment of divorce, defendant husband appeals from a judgment of the Supreme Court, Nassau County, entered April 4, 1978, which, *inter alia,* (1) granted judgment to the plaintiff on her first cause of action in the sum of $15,300 and (2) granted judgment to the defendant on his second counterclaim in the sum of "only" $1,377.40. Judgment affirmed, with costs. The parties were married in November, 1949 and there are three issue of the marriage. In November, 1974 they entered into a separation agreement which provides that the husband agrees to pay the wife, in fulfillment of his obligation to support her and the children, the sum of $1,200 per month commencing December, 1974 and continuing to March, 1977. The agreement mentions only one ground which would support the reduction of this amount, which is the remarriage of the wife. In August, 1975, as a result of an altercation between the plaintiff and Michael (one of the children of the marriage), defendant brought Michael to his residence for a "cooling off period". Thereafter, although plaintiff was willing to accept his return, Michael decided to remain with the defendant. Defendant contends that the amount of support specified in the agreement should be reduced by virtue of the fact that there was a change in physical custody of their son. We find this contention to be without merit. When the terms of a written contract are clear and unambiguous the intent of the parties must be found therein. The courts will not imply a term which the parties themselves failed to insert *(Nichols v Nichols,* 306 NY 490). In the present action the separation agreement provides only one condition, the plaintiff's remarriage, which would allow defendant to reduce his support payments to the plaintiff. Consequently, it is the only condition which would permit a reduction (see *Stern v Stern,* 41 AD2d 676). We have considered defendant's other contentions and find them to be without merit. O'Connor, J. P., Gulotta, Margett and Mangano, JJ., concur.