■ MARY E. PHILSON, Appellant, v ARTHUR PHILSON, Respondent.—In a matrimonial action, plaintiff appeals from an order of the Supreme Court, Westchester County, dated July 5, 1979, which (1) denied, without a hearing, her application to determine arrears of alimony which have accrued pursuant to a judgment of divorce that incorporated but did not merge therein the terms of the parties' separation agreement, and (2) directed that a hearing be held on defendant's cross motion pursuant to section 248 of the

Domestic Relations Law to annul the provisions of the judgment of divorce which direct the payment of money for the support of the plaintiff. Order affirmed, with $50 costs and disbursements. Special Term properly construed the separation agreement, which was incorporated but not merged in the judgment of divorce, to preclude the plaintiff from applying to the court to conduct an audit of the defendant's tax returns for the tax years 1976 through 1978. Special Term also correctly granted a hearing on defendant's cross motion for an order pursuant to section 248 of the Domestic Relations Law. Even though the separation agreement, by its terms, provides for alimony "So long as the wife shall not have remarried," the defendant's cross motion was directed to the alimony provisions of the judgment of divorce and not to those of the separation agreement. (See *Leffler v Leffler,* 50 AD2d 93, 95-96, affd 40 NY2d 1036 on opn at App Div; *Cameron v Cameron,* 92 Misc 2d 442; *Matter of Paul S v Roberta S,* 91 Misc 2d 211; contra, *Matter of Anonymous,* 90 Misc 2d 801, 804-810.) Rabin, J. P., Cohalan, O'Connor and Weinstein, JJ., concur.