■ EVELYN GITTLEMAN, Respondent, v PHILIP GITTLEMAN, Appellant. — In a matrimonial action, the defendant husband appeals from stated portions of an order of the Supreme Court, Westchester County, dated April 25, 1980, which, *inter alia,* granted the plaintiff wife a money judgment for alimony arrears for the period from December 19, 1977 to February 25, 1980, in the amount of $17,100, and awarded plaintiff a counsel fee. Order affirmed insofar as appealed from, with $50 costs and disbursements. In a separation agreement, incorporated but not merged into a divorce decree, the parties provided for a scheduled reduction of alimony payments upon their child Adam reaching the age of 18 or being earlier emancipated ($500 less per year for each $1,000 earned by plaintiff over $7,500). The agreement also provided that plaintiff was to have the primary responsibility for the care and custody of the parties' children, while defendant was to pay $50 child support per week per child, except that when a child resided with defendant for more than two continuous weeks, the child support paid to plaintiff was to be reduced to $25 a week. The instant litigation arose when defendant stopped making alimony payments as of December 19, 1977. In an order dated April 25, 1980, Special Term ruled, *inter alia,* that defendant was to pay plaintiff alimony arrears of $17,100 and a counsel fee of $650. Defendant assigns error to that order on the basis that their son Adam is emancipated within the meaning of the agreement, which activates the provision for reducing alimony for which purpose plaintiff was required (by the agreement) to furnish certified statements of income. Since plaintiff failed to provide these statements, defendant argues he was not obligated to pay alimony, and that the assessment of arrears for the period between December 19, 1977 and February 26, 1980 during Adam's emancipation was error. The issue presented is whether Special Term was correct in determining

that the parties' child was not emancipated. We conclude that it was. What constitutes emancipation is a question of law *(Crosby v Crosby,* 230 App Div 651; *Matter of Fauser v Fauser,* 50 Misc 2d 601), although whether there has been an emancipation is a question of fact. *(Id.)* Emancipation has been defined as the renunciation of legal duties by a parent and the surrender of parental rights to a child. *(Matter of Bates v Bates,* 62 Misc 2d 498.) Emancipation of a child may occur by operation of law *(Murphy v Murphy,* 206 Misc 228), as where the parent's conduct is inconsistent with the performance of parental obligations. (See, e.g., *Matter of Bates v Bates, supra.)* The burden of proof as to emancipation is on the one asserting it. *(Matter of Bickford v Bickford,* 83 Misc 2d 571, 575.) In the instant case the basis for defendant's claim of emancipation is that plaintiff has relinquished her parental responsibility for Adam's care and custody in that Adam has resided with defendant since September 1, 1977. Special Term ruled that the change in residence alone did not constitute an adequate basis for finding emancipation. We agree. Defendant does not allege, for example, that plaintiff does not visit, or refuses to visit Adam, or that she has abandoned interest in Adam's well-being or upbringing. Instead what defendant alleges is that the plaintiff has violated the agreement by which she was to assume the principal responsibility for Adam's care and custody and that defendant has now assumed such. Plaintiff now occupies defendant's original position (per the agreement) with regard to the child's care (albeit without having to pay support) in that, while relinquishing principal responsibility for Adam's care and custody, she still has parental rights, e.g., to visit and to play a role in parental decision making. On these facts, therefore, defendant has failed to establish an intent by plaintiff to abandon Adam. The agreement specifically provides that it constitutes the entire understanding of the parties, and as this court has noted, "When the terms of a written contract are clear and unambiguous the intent of the parties must be found therein." *(Null v Null,* 68 AD2d 883, 884.) Accordingly, Special Term correctly refused to read into the agreement a restrictive definition of "emancipated", which the parties, at the time, could have, but did not provide for themselves. Mollen, P. J., Hopkins, Weinstein and Thompson, JJ., concur.