██ MARY E. PHILSON, Appellant, v ARTHUR PHILSON, Respondent.

The parties entered into a separation agreement on February 12, 1976, which was incorporated but not merged in a subsequent judgment of divorce. The agreement provides (in § 9 [b] thereof) that the defendant husband shall pay to the plaintiff wife (under certain conditions not relevant here) yearly alimony in an amount based on stated percentages of the husband's adjusted gross income. "Adjusted gross income" as defined in section 9 (a) (i) is the husband's adjusted gross income as recorded on his Federal income tax return from year to year with certain additions and exclusions. Furthermore, the agreement provides for adjustments in the event that an audit by the Internal Revenue Service resulted in a change in adjusted gross income.

The agreement also provides that if under the foregoing formula the alimony due to the wife shall be less than $15,000 per annum, she shall be at liberty to apply to any court of competent jurisdiction "for such alimony and support as shall be just and appropriate in light of the circumstances of the parties then prevailing".

Plaintiff made a motion for a judgment for arrears, alleging that, in 1980, her alimony under the formula outlined above fell below $15,000. She rejected her ex-husband's tender of an additional amount which would increase her 1980 alimony to $15,000. She alleged that the 1980 Federal income tax return filed by her ex-husband understated adjusted gross income due to improper deductions. After a hearing on this issue, Special Term held that, regardless of the allegations that defendant had understated his adjusted gross income as recorded in his 1980 tax return due to improper deductions, plaintiff's only remedy was to apply to the court for a de novo determination of alimony based on the parties' respective circumstances. We agree with the determination of Special Term and accordingly affirm.

Plaintiff argues, on appeal, that the defendant is bound by an implied promise to exercise good faith in recording his adjusted gross income on his Federal tax returns, so that the plaintiff may petition the court, in effect, to conduct an audit of the

defendant's tax return in order to determine if his adjusted gross income is properly calculated.

The plaintiff made the identical argument with respect to defendant's tax return for 1976 through 1978, and this court rejected it (*Philson v Philson,* 74 AD2d 635). It makes no difference that, based on the returns for 1976 through 1978, plaintiff's alimony exceeded $15,000, while under the 1980 return, her alimony is less than $15,000. Special Term properly held that the clear and unambiguous language of the agreement provides that, in case her alimony is less than $15,000, plaintiff may seek a judicial determination based on the relative financial positions of the parties. The agreement does not afford the plaintiff the right, in such a case, to challenge the accuracy of the defendant's Federal tax returns. Instead, the parties apparently contemplated that any misstatement of adjusted gross income would be corrected by an Internal Revenue Service audit, since the agreement provides for adjustments in plaintiff's alimony if such audit results in a higher adjusted gross income. Mollen, P. J., Titone, Thompson and Lawrence, JJ., concur.