**Arnold SPRUNG, Plaintiff,**

v.

**Michele COUTIN, Defendant.**

**No. 85 Civ. 5780 (WCC).**

United States District Court,
S.D. New York.

June 30, 1986.

Arnold Sprung, pro se.

Covey, Roberts, Buchanan & Lonergan, Katonah, N.Y., for defendant; George Hunter Roberts, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiff Arnold Sprung ("Sprung") brought this action against his former wife, Michele Coutin ("Coutin"), seeking a declaratory judgment that he is no longer obligated to pay her alimony under a separation agreement between them. Sprung also seeks to recover alimony payments he made to Coutin from 1978 through the end of 1984, when he stopped making payments. Coutin in turn has counterclaimed for those payments Sprung has refused to make from January 1, 1985 to date, plus attorney's fees. The Court's subject matter jurisdiction is predicated on the diversity of citizenship of the parties. 28 U.S.C. § 1332 (1982).

This matter is now before the Court on Coutin's motions to dismiss Sprung's complaint for failure to state a claim,[1] and for summary judgment on her counterclaim. For the reasons set forth below, Coutin's motions are granted.

### Background

Sprung and Coutin were married in New York on February 18, 1950, and resided in New York during their marriage. They entered into a separation agreement in New York on March 28, 1969. Paragraph 6 of the agreement provided that beginning January 1, 1970, Sprung would pay Coutin alimony of $1500 per month. This paragraph also provided that Sprung's obligation to pay alimony would cease when any one of three events occurred: (a) Sprung died; (b) Coutin died; or (c) Coutin remarried. The parties later divorced and the separation agreement was incorporated, but apparently not merged, into the divorce decree. *See* Separation Agreement ¶ 19. Sprung made the alimony payments prescribed by the separation agreement until January 1, 1985.

Sprung alleges that for the last fourteen years Coutin has continuously and habitually lived with another man, and he argues that as a matter of public policy, a husband's obligation to pay alimony should cease when his ex-wife cohabitates with another man. As I explain below, New York courts do not agree.

### Discussion

Before turning to the merits of the parties' positions, I take up the issue of which state's law governs this dispute. Sprung contends that since Coutin resides in California and cohabitated there, this Court should look to California's conceptions of public policy in deciding this case. Coutin argues, however, that I should apply New York law because the parties were married and divorced in this state, and because paragraph 23 of the separation agreement provides that the agreement "shall be construed and governed in accordance with the laws of the State of New York." A federal court ordinarily decides which state's law to apply by using the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Accordingly, I must look to New York's rules in deciding whether to apply California or New York law here.

It is well established under New York law that where it can be ascertained, the

---

1. While defendant labelled her motion as a motion to dismiss, she has submitted material outside the pleadings. Accordingly, the parties and the Court have treated the motion as one for summary judgment.

intent of the parties shall determine which state's law will govern a separation agreement. *See Clurman v. Clurman*, 84 Misc.2d 148, 153, 373 N.Y.S.2d 951, 956 (Sup.Ct.N.Y.County 1975), *aff'd*, 51 A.D.2d 915, 382 N.Y.S.2d 281 (1st Dep't 1976). Where, as here, a choice of law provision is expressly set forth in the agreement, it is presumed to represent the parties' intent, and New York courts will enforce it. *See De Angelo v. Altmayer*, 59 A.D.2d 847, 847, 399 N.Y.S.2d 11, 12 (1st Dep't 1977); *Clurman*, 84 Misc.2d at 153, 373 N.Y.S.2d at 956. Accordingly, this Court will apply New York and not California law.

■ Turning to the merits of the parties' claims, Sprung contends that he should not be required to pay alimony to his ex-wife because she has cohabitated with another man. But the unambiguous terms of the separation agreement provide that Sprung's obligation to pay alimony ends only when Sprung dies, Coutin dies, or Coutin remarries. Sprung has not, and could not, truthfully allege that any of these conditions has occurred.

Under New York law, courts have no power to change the terms of a separation agreement. *Nichols v. Nichols*, 306 N.Y. 490, 496, 119 N.E.2d 351, 353 (1954); *Null v. Null*, 68 A.D.2d 883, 884, 413 N.Y.S.2d 760, 761 (2d Dep't 1979); *Goodman v. Goodman*, 62 A.D.2d 939, 940, 404 N.Y. S.2d 3, 4 (1st Dep't 1978); *Leffler v. Leffler*, 50 A.D.2d 93, 95, 376 N.Y.S.2d 176, 178–79 (1st Dep't 1975), *aff'd*, 40 N.Y.2d 1036, 360 N.E.2d 355, 391 N.Y.S.2d 855 (1976); *Cameron v. Cameron*, 92 Misc.2d 442, 443, 400 N.Y.S.2d 317, 318 (Sup.Ct. Monroe County 1977). Under section 248 of the New York Domestic Relations Law, a court may modify a judgment or order requiring a husband to pay alimony or maintenance "if there is proof that the wife is habitually living with another man and holding herself out as his wife." However, section 248 does not apply to separation agreements that are incorporated, but not merged, into a divorce decree. *Goodman*, 62 A.D.2d at 940, 404 N.Y.S.2d at 4; *Leffler*, 50 A.D.2d at 95, 376 N.Y.S.2d at 178;

*In re Paul S. v. Roberta S.*, 91 Misc.2d 211, 213, 397 N.Y.S.2d 568, 570 (Fam.Ct. Queens County 1977). Since the separation agreement at issue here was incorporated, but not merged, into the divorce decree, section 248 does not apply. Accordingly, this Court is without power to modify the unambiguous terms of the agreement.

■ Moreover, New York public policy does not suggest that alimony payments under a separation agreement should stop when a wife cohabitates with another man. Indeed, New York courts have repeatedly held that mere cohabitation with another man is not enough; the wife must also hold herself out as that man's wife. *See, e.g., Bliss v. Bliss*, 66 N.Y.2d 382, 387, 488 N.E.2d 90, 93, 497 N.Y.S.2d 344, 347 (1985); *Northrup v. Northrup*, 43 N.Y.2d 566, 571–72, 373 N.E.2d 1221, 1223, 402 N.Y. S.2d 997, 999–1000 (1978). There is no evidence here that Coutin has held herself out as the wife of the man with whom she allegedly lived.

■ Accordingly, Coutin's motion to dismiss Sprung's complaint is granted. Her motion for summary judgment on her counterclaim for alimony payments Sprung has refused to make since January 1, 1985 is also granted. Sprung admits that he has not made those payments and, as set out above, I have concluded that he had an obligation to do so. Finally, I grant Coutin's application for reasonable attorney's fees. Paragraph 20 of the separation agreement provides that "[i]n any action or proceeding instituted by the Wife to enforce the provisions of this Agreement, or for damages for breach thereof, the Wife shall be entitled to recover from the Husband the expenses of such litigation, including reasonable counsel fees and disbursements." However, in view of the meager brief submitted by Coutin's counsel on her behalf, I believe that $500 is more than adequate to cover Coutin's reasonable attorney's fees.

## Conclusion

Coutin's motions to dismiss Sprung's complaint and for summary judgment on

her counterclaim, including reasonable attorney's fees in the amount of $500, are granted. Defendant is directed to submit a proposed judgment on notice within 10 days of the date of this Opinion and Order. Plaintiff may file a proposed counter-judgment within 5 days thereafter.

SO ORDERED.