■ ELEANOR GLASBERG, Appellant-Respondent, v EDWIN GLASBERG, Respondent-Appellant. — In a matrimonial action, the

parties cross-appeal, as limited by their briefs, from stated portions of a judgment of the Supreme Court, Nassau County (McGinity, J.), entered December 13, 1982, which, *inter alia,* directed the defendant husband to pay the plaintiff wife $150 per week for her maintenance for a period of five years and failed to award plaintiff her equitable share of defendant's pension and profit-sharing plans maintained through Brynel, Inc.

Judgment modified, on the law, by deleting the second decretal paragraph thereof. As so modified, judgment affirmed, insofar as appealed from, with costs to the plaintiff, and matter remitted to Special Term for a hearing and further proceedings consistent herewith. In the interim, defendant shall continue to pay maintenance to plaintiff of $150 per week.

Special Term erred when it failed to award plaintiff her equitable share of defendant's pension and profit-sharing plans maintained through Brynel, Inc. (see *Majauskas v Majauskas,* 61 NY2d 481; *Damiano v Damiano,* 94 AD2d 132; *Kobylack v Kobylack,* 96 AD2d 831, revd on other grounds 62 NY2d 399). Therefore, during the evidentiary hearing in accordance herewith, it will be necessary for Special Term to make detailed findings of fact as to the characteristics of these plans in order to determine the proper method of valuation in accordance with the principles discussed in *Damiano v Damiano* (*supra*) and *Rodgers v Rodgers* (98 AD2d 386). The husband contends that the supremacy clause of the United States Constitution exempts his retirement benefits from equitable distribution. We are of the opinion that the Employee Retirement Income Security Act of 1974 (US Code, tit 29, § 1001), does not preclude equitable distribution of the instant pension plan pursuant to this State's Domestic Relations Law (see *Matter of Marriage of Campa,* 89 Cal App 3d 113, app dsmd *sub nom. Carpenters Pension Trust Fund v Campa,* 444 US 1028 [United States Supreme Court's dismissal of the appeal, which presented an analogous argument, for lack of a substantial Federal question operates as a decision on the merits]; *Hicks v Miranda,* 422 US 332; *Savings & Profit Sharing Fund v Gago,* 717 F2d 1038; *Carpenters Pension Trust v Kronschnabel,* 632 F2d 745, cert den 453 US 922).

We further note that section 236 (part B, subd 6) of the Domestic Relations Law provides that a court "shall consider" specific factors enumerated in the statute in determining an award of maintenance. "The Legislature, by couching these provisions in mandatory terms, intended to restrict judicial discretion and also to provide a clearer record for an appeal" (*Duffy v Duffy,* 94 AD2d 711, 712). On remittitur, Special Term

should provide a detailed discussion of these factors so as to comply with the statutory mandate in determining the proper amount of maintenance.

We have considered the other contentions advanced by the parties and find them to be lacking in merit. Niehoff, J. P., Rubin, Boyers and Eiber, JJ., concur.