■ JOHN DURSO, Respondent, v CATHERINE DURSO, Appellant. — In an action for divorce, defendant wife appeals from so much of a judgment of the Supreme Court, Kings County (Spodek, J.) dated September 30, 1982, as limited an award of maintenance to her to approximately three years' duration, failed to grant her a distributive share of certain property, and fixed child support. By order dated January 9, 1984, this court remitted the matter to the Supreme Court, Kings County, for compliance with the provisions of section 236 (part B, subd 5, par g; subd 6, par b; subd 7, par b) of the Domestic Relations Law, and the appeal was held in abeyance in the interim (*Durso v Durso*, 99 AD2d 478). The Supreme Court has now complied.

Judgment modified, on the facts and as a matter of discretion, by increasing the child support for each child from $25 to $50 per week, and increasing the duration of maintenance from three years and one month to six years after the date of judgment. As so modified, judgment affirmed, insofar as appealed from, with costs payable to defendant, and matter remitted to the Supreme Court, Kings County for a determination as to the amount of child support which has accrued.

We have modified the judgment because the record warrants an increase in the amount of child support and in the duration of the maintenance award. The parties were married for 20 years prior to separation. The defendant remained home full time until two years before the separation to care for the three children of the marriage, and there is a marked discrepancy between plaintiff husband's annual earnings of approximately $32,430 as a correction officer and defendant's annual earnings of $8,600.

As to child support, we note that the standard of living enjoyed by the children prior to dissolution of the marriage would be markedly reduced by the contribution therefor by plaintiff of only $25 per week per child (see Domestic Relations Law, § 236, part B, subd 7, par a, cl [3]), and that the parochial school tuition for the youngest child was $1,500 a year (see Domestic Relations Law, § 236, part B, subd 7, par a, cl [2]). Therefore, and in view of the great difference in income between the parties, plaintiff should be responsible for the greater portion of the children's needs. Thus, we increase the child support award to $50 a week per child.

As to the duration of the maintenance award, we increase it to six years. Until such time as she can earn a substantially higher income, the defendant's sustained efforts to educate herself so

that she can become fully self supporting should not be a reason to limit the duration of the maintenance award. Mollen, P. J., Lazer, Thompson and Boyers, JJ., concur.