■ ROBERT A. BISCA, Respondent-Appellant, v LOIS BISCA, Appellant-Respondent. (Action No. 1.) LOIS BISCA, Appellant-Respondent, v ROBERT A. BISCA, Respondent-Appellant. (Action No. 2.) — In matrimonial actions consolidated for trial, the parties cross-appeal, as limited by their respective briefs, from stated portions of a judgment of the Supreme Court, Nassau County (Meade, J.), entered November 15, 1982, which, *inter alia,* granted the wife a divorce in action No. 2, dismissed the husband's complaint in action No. 1, and distributed the marital property.

Judgment modified, on the law and as a matter of discretion, by (1) deleting the seventh decretal paragraph thereof, which ordered the wife to sell the marital residence; (2) deleting the ninth decretal paragraph thereof, which ordered the wife to pay counsel fees and disbursements in the sum of $11,385.20; and (3) adding a provision directing the husband to pay a distributive award to the wife of the principal sum of $36,639 in annual installments of the principal sum of $7,327.80, plus interest, pursuant to CPLR 5004, computed from November 15, 1982. As so modified, judgment affirmed, insofar as appealed from, with costs to the wife, and matter remitted to the Special Term for entry of an appropriate amended judgment. The findings of fact are affirmed. The first installment shall be paid within 30 days after entry of the appropriate amended judgment. Each of the four remaining installments shall be paid in the four succeeding years, each payment within one year of the last payment.

The parties to these actions were married on July 9, 1955. The husband commenced an action for divorce on July 12, 1980 (action No. 1). He alleged that the wife had engaged in a course of cruel and inhuman treatment, claiming, *inter alia,* that she had refused to engage in marital relations for the preceding eight years. The wife commenced the second action for divorce on or about February 2, 1981 (action No. 2). She alleged several causes of action, but the primary allegation was that her husband had engaged in an adulterous relationship. Special Term found that the husband had failed to prove that his wife had engaged in cruel and inhuman treatment but found that the husband had engaged in an adulterous relationship, dismissed

the husband's complaint and granted the wife a divorce. We find no reason to disturb the court's resolution of the issue of the parties' credibility (*see, D'Amato v D'Amato,* 96 AD2d 849). However, Special Term improperly distributed the marital property.

Special Term determined that the total value of the marital property was $446,235. The wife's property was valued at approximately $113,215 while the husband's was valued at approximately $333,020. The court reasoned that if an equal distribution of the marital property were ordered it would be necessary to award the wife an interest in the husband's holdings in certain corporations or profit-sharing and pension plans. Reluctant to do so, the court instead ordered the husband to transfer his one-half interest in the marital premises, his interest in the household furnishings, and a gold bar he owned, the total value of which was $73,264. Thus, the end result was that the wife was given $186,479 worth of the marital property, or approximately 42% of it.

Although the court stated in its decision that it had considered the 10 factors set forth in Domestic Relations Law § 236 (B) (5) (d), it is clear to us that the court was overly influenced by its view that it was difficult to award the wife a share in the husband's corporate holdings or pension and profit-sharing plans. While this difficulty may have existed, an equal division could have been accomplished by giving the wife a distributive award.

Domestic Relations Law § 236 (B) (5) (e) provides: "In any action in which the court shall determine that an equitable distribution is appropriate but would be impractical or burdensome or where the distribution of an interest in a business * * * would be contrary to law, the court in lieu of such equitable distribution shall make a distributive award in order to achieve equity between the parties. The court in its discretion, also may make a distributive award to supplement, facilitate or effectuate a distribution of marital property" (*see, Litman v Litman,* 93 AD2d 695, *affd* 61 NY2d 918).

In this case an equal distribution of the marital property is called for. The parties made equal contributions to the long marriage. The wife has been out of the work force for many years (*see, Perri v Perri,* 97 AD2d 399). While equitable distribution is not necessarily equal distribution (*see, Rodgers v Rodgers,* 98 AD2d 386, 391), where, as here, both spouses equally contribute to the marriage which is of long duration, a division should be made which is as equal as possible. We have considered, as did Special Term, the husband's poor health. However,

there is no reason, on these facts, why the husband's prior illness should prevent the wife from having the share of the property to which she is entitled. She gave up her teaching career when the couple began to have children, and worked in the husband's business during the marriage while also providing homemaker services. We believe that the appropriate disposition under these circumstances would have been to equally divide the property, and we order a distributive award to achieve that purpose.

Having awarded the wife the marital residence, the trial court then ordered her to sell it within nine months. The court reasoned that the wife could invest the proceeds from the sale for her benefit. It was improper to require the wife to sell the residence. Although a court may order a sale of real property in order to distribute the proceeds among the parties (*see, Ralske v Ralske,* 85 AD2d 598, *appeal dismissed* 56 NY2d 644), here the wife was given sole title to the property, and was entitled to do with it as she wished.

Special Term further ordered the wife to pay her attorney $10,000 in counsel fees and disbursements in the amount of $1,385.20. The court stated that although the wife had sought to have her husband pay her counsel fees, which were estimated to be around $57,000, the husband was no longer in a financial situation to pay them. Therefore, the court reasoned, the wife should bear the costs of her attorney's services in the amount of $10,000. The court was without authority to interfere with the contract between the wife and her attorney. Although Domestic Relations Law § 237 authorizes a court to order one spouse to pay the other's counsel's fees, it does not authorize a court to determine what amount of fees is due counsel from his client.

This court has recently rejected the contention that the Employee Retirement Income Security Act of 1974 ([ERISA], 29 USC § 1001 *et seq.*) precludes equitable distribution of pension and profit-sharing plans (*see, Glasberg v Glasberg,* 104 AD2d 788).

We find no merit to the parties' other contentions.

Finally, it should be noted that the wife's arguments with respect to the propriety of an order dated April 2, 1981, denying her disclosure of certain documents, are not properly before us upon this appeal from the final judgment (*see,* CPLR 5501 [a] [1]; *Dulber v Dulber,* 37 AD2d 566, *affd* 29 NY2d 408; *see generally,* 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5501.05). It would only have been reviewable upon a separate timely appeal. Lazer, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.