■ MARGARET VAN HOUSEN, Respondent, v CHARLES VAN HOUSEN, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Orange County (Benson, J.), entered March 20, 1984, as (1) granted the plaintiff wife exclusive possession and use of the matrimonial residence until the younger of the parties' children reaches the age of 21, is emancipated or dies, or until plaintiff occupies the residence with a male person other than defendant; (2) ordered defendant to transfer to plaintiff a one-half interest in the shares of New York Telephone Company stock he owned as of the date of commencement of the action; (3) ordered defendant to assign to plaintiff one half of his vested pension and/or retirement benefits which had accrued as of the date of commencement of the action; (4) awarded plaintiff $100 per week for her maintenance and $50 per week per child for child support; (5) awarded plaintiff $1,500 for counsel fees; and (6) ordered defendant to pay $455 in arrears in temporary maintenance and support.

Judgment affirmed, insofar as appealed from, without costs or disbursements.

Special Term complied with the procedure for determining equitable distribution pursuant to Domestic Relations Law § 236 (B). Although no expert testimony was presented as to the value of the parties' marital assets (the marital residence, New York Telephone Company stock and defendant's vested pension), Special Term's award of one half of the value of each asset to each party effectuated the purpose and intent of equitable distribution. Specifically with regard to defendant's pension, Special Term's award to plaintiff of one half of defendant's pension benefits which had accrued as of the date of commencement of the action was proper since defendant began his current job subsequent to the marriage, and the distribution formula used was the appropriate one in the absence of any lump-sum distribution of assets (see, Majauskas v Majauskas, 61 NY2d 481). The monetary awards were reasonable in light of plaintiff's lack of any substantial source of income and defendant's demonstrated ability to pay for the support and maintenance of his wife and children (Domestic Relations Law § 236 [B] [6]). Special Term's decision to allow plaintiff, the custodial parent, and the children to remain in the marital residence for reasons of economy and stability was

appropriate and reasonable under the circumstances *(see, Damiano v Damiano,* 94 AD2d 132). O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.