■ GRACE AHREND, Respondent, v ROBERT AHREND, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from (1) so much of a judgment of the Supreme Court, Westchester County (Burchell, J.), dated June 13, 1985, as granted the plaintiff wife a divorce on the ground of cruel and inhuman treatment, and (2) so much of a judgment of the same court (Delaney, J.), dated June 13, 1985, as (a) directed that, upon the sale of the marital home, the net proceeds of the sale be divided between the parties in the proportion of 80% to the plaintiff wife and 20% to the defendant husband, (b) awarded the plaintiff wife custody of the parties' minor children and directed that the defendant husband's visitation rights be continued in accordance with a schedule set forth in an order of the Family Court, Westchester County (Barone, J.), entered April 26, 1983, (c) directed that the defendant husband pay maintenance to the plaintiff wife in the amount of $100 per week for a period of eight years or termination by action of law, whichever is sooner, and (d) directed that the defendant husband pay to the plaintiff wife $2,000 toward her counsel fees.

Justice Mangano has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered that the judgment of divorce (Burchell, J.), dated June 13, 1985, is affirmed insofar as appealed from; and it is further,

Ordered that the judgment (Delaney, J.), dated June 13, 1985, is modified, on the law and the facts, by (1) deleting the third decretal paragraph thereof and substituting therefor a provision that the moneys received from the sale of the marital home shall be divided equally between the parties, i.e., 50% to the plaintiff wife and 50% to the defendant husband, (2) deleting the fourth decretal paragraph thereof and substituting therefor a provision that the 40 shares of the parties' IBM stock are to be divided equally between the parties, i.e., 50% to plaintiff wife and 50% to defendant husband, and (3) deleting the eighth and ninth decretal paragraphs thereof. As so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Westchester County, for a new determination on the issues of support and maintenance in accordance herewith; and it is further,

Ordered that the defendant husband is awarded one bill of costs.

The evidence herein fully supports the granting of a judg-

ment of divorce to the plaintiff on the ground of cruel and inhuman treatment of her by the defendant. The evidence adduced at the trial established that the defendant's behavior from 1978 to 1983 constituted a course of conduct so endangering her mental well-being as to render it unsafe or improper for cohabitation to continue (see, Domestic Relations Law § 170 [1]; *Pfeil v Pfeil,* 100 AD2d 725; *see also, Weilert v Weilert,* 115 AD2d 473). Additionally, because the defendant never requested a separate hearing on the issues of custody and visitation, despite having an opportunity to do so, he cannot now complain of the failure to hold such a hearing, and the continuation of the visitation rights in accordance with the Family Court order was not improper.

However, we disagree with the division of the marital property contained in the award of equitable distribution. The parties' marriage was of long duration, having lasted nearly 22 years. The parties have three children, all of whom were minors at the time of the trial. For the greater part of the marriage, the plaintiff did not work outside the home but acted as homemaker and mother. However, the plaintiff is well educated, holding a Master's Degree, and it appears that she returned to work on a part-time basis in 1983, the year that the instant action for divorce was instituted. She is now an adjunct professor at several universities. Her total income for 1984, including money given her by the defendant for temporary maintenance and support, was approximately $27,000. The defendant is an alcoholic, not a college graduate, and when employed works in the field of data and word communications. Although his work record has been described as "spotty", due largely to his problem with alcohol, he clearly has the greater earning potential of the parties. His gross income in 1984 was over $40,000, and he testified that his salary increased with each new job. However, at the time of the trial, he was unemployed and had accumulated debts of approximately $12,000, exclusive of $7,800 due for real estate taxes.

The principal assets of the parties were the marital home, appraised at $175,000 to $180,000, and 40 shares of IBM stock valued at approximately $4,800. In its equitable distribution of this marital property, the trial court directed that the parties' house be sold, that the plaintiff wife receive 80% of the proceeds and the defendant husband receive 20% of the proceeds, and awarded the shares of IBM stock exclusively to the defendant husband. Under the circumstances, this division of the marital property was improper. Given the length of the

marriage and the parties' equal contributions thereto, the marital property should be divided equally between them *(see, e.g., Perri v Perri,* 97 AD2d 399, 401; *Bisca v Bisca,* 108 AD2d 773, 774, *appeal dismissed* 66 NY2d 741). In light of this change in the distribution of the marital property, we remit the case to the trial court in order that it may review and reconsider the adequacy of the awards of maintenance and support.

The trial court's determination, requiring the defendant husband to pay roughly one third of the plaintiff's counsel fees was neither an abuse of discretion nor unreasonable *(see,* Domestic Relations Law § 237 [a]; *Ross v Ross,* 47 AD2d 866). Mangano, J. P., Brown, Weinstein and Kooper, JJ., concur.