■ HELENE S. MILLER, Respondent, v MICHAEL J. MILLER, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Richmond County (Amann, J.), dated July 17, 1985, which, *inter alia,* (1) denied him visitation with the infant issue of the marriage, (2) distributed the marital property, (3) directed him to pay maintenance to the plaintiff wife in the amount of $50 per week for a period of four years from the date of the judgment, the remarriage of the plaintiff, or the death of a party, whichever occurred sooner, and (4) directed him to pay the plaintiff wife $6,487 toward her counsel fees.

Ordered that the judgment is modified, on the law, by (1) deleting the fifth, sixth and seventh decretal paragraphs thereof and substituting therefor a provision that the plaintiff wife shall have sole and exclusive possession of the marital residence until the youngest issue of the marriage reaches the

age of 21 years or both children are emancipated, whichever occurs first, and directing the sale of the home at that time, and (2) adding a provision thereto directing that the net proceeds from the sale of the marital home be divided as follows: (a) the plaintiff wife shall be credited with the amounts paid by her on the mortgage and for structural or other major repairs to the home, if any, paid for by her after the date of the judgment, (b) the plaintiff wife shall be credited with $17,500 (representing her equitable share of the value of the defendant husband's pension), plus interest at the statutory rate (CPLR 5004), calculated from July 17, 1985, and (c) the remainder of the proceeds shall be divided between the plaintiff wife and the defendant husband equally. As so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for entry of an appropriate amended judgment. The findings of fact are affirmed.

While we agree with the trial court that the parties to this nearly 20-year marriage must be considered equal in their economic contributions to the marriage, the circumstances of this case do not justify the highly unequal manner in which the marital assets were distributed. The principal assets consisted of the marital residence, with a stipulated value of $100,000 and subject to a $25,000 mortgage, the defendant's pension, worth approximately $35,000, and household furnishings whose original value was claimed by the defendant to be $40,000 but whose liquidated value must be considered to be substantially less. With respect to income and earning potential, the trial testimony was that the defendant has a Master's degree and earns $38,000 per year as an assistant principal, while the plaintiff, a full-time homemaker during most of the marriage, has a high school education and earns $289 biweekly as a school paraprofessional. The court awarded the defendant only his pension, and awarded the remainder of the assets to the plaintiff.

Although equitable distribution is not necessarily equal distribution *(see, Rodgers v Rodgers,* 98 AD2d 386, 391), where, as here, both spouses equally contribute to a marriage that is of long duration, a division of marital assets should be made that is as equal as possible *(see, e.g., Ahrend v Ahrend,* 123 AD2d 731; *Bisca v Bisca,* 108 AD2d 773, *appeal dismissed* 66 NY2d 741). Taking into consideration the circumstances of the case and of the respective parties, as well as the probable future financial circumstances of each party *(see,* Domestic Relations Law § 236 [B] [5] [c], [d]), we conclude that the

defendant is entitled to a share of the value of the marital home, and that, in turn, his pension should be divided with the plaintiff.

With respect to the defendant's remaining arguments regarding the economic issues raised on this appeal, we agree with the trial court that the defendant has failed to prove his contentions concerning the alleged secretion by the plaintiff of inheritance moneys belonging to the defendant, we find without merit the defendant's contention that the award of maintenance was excessive, and we find that the trial court's determination requiring the defendant husband to pay a share of the plaintiff's counsel fees was neither an abuse of discretion nor unreasonable (see, Domestic Relations Law § 237 [a]; Ross v Ross, 47 AD2d 866).

Finally, although we are cognizant that the denial of visitation rights to a natural parent is a drastic remedy that should only be invoked for compelling reasons, in this instance we concur with the determination of the trial court that forced visitation at this time would not be in the best interests of the children. We note that the trial court did state in its decision that the denial of visitation was subject to future modification. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.