■ SHARON WOOD, Appellant-Respondent, v RODNEY T. WOOD, Respondent-Appellant.—In an action for a divorce and ancillary relief, (1) the plaintiff wife appeals from stated portions of a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated March 31, 1987, which, inter alia, (a) awarded her a distributive award constituting a 15% interest in the marital property, (b) valued the marital property as of the date of entry of an interlocutory judgment of divorce rather than the date of the equitable distribution trial, which occurred three years later, (c) awarded her maintenance in the amount of $200 per week for two years, (d) awarded her child support in the amount of $350 per week per child, (e)

directed that the marital residence be sold forthwith, (f) failed to order the defendant to provide the parties' two children with private school educations, and (g) awarded her a counsel fee of $30,000, and (2) the parties cross-appeal from an order of the same court (McInerney, J.), entered July 23, 1986, which awarded the plaintiff an interim counsel fee of $50,000.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting from the eighth decretal paragraph thereof the words "TWO HUNDRED ($200.00) dollars per week for a period of two (2) years" and substituting therefor the following: "THREE HUNDRED ($300.00) dollars per week for a period of five (5) years"; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendant husband, an anesthesiologist of substantial income prior to the parties' marriage, was possessed of, among other things, a successful professional practice and a valuable home. The plaintiff wife was a nurses aide who had virtually no assets. During the 3½ years that the parties were married, the defendant was the sole economic contributor and the plaintiff was primarily, but by no means exclusively, responsible for the care of the parties' home and children. Upon the dissolution of the parties' brief marriage, the marital estate consisted of the appreciation in value of the defendant's separate property, i.e, his pension plan, medical practice and home, and some profits realized on various business transactions. In awarding the plaintiff wife a distributive award of $173,295, which constituted 15% of the value of the marital estate at the time that the parties were divorced, the court adequately considered all of the factors delineated in Domestic Relations Law § 236 (B) (5), and in so doing gave sufficient weight to the plaintiff's noneconomic contributions as a spouse, parent and homemaker which contributed to the appreciation in value of the defendant's separate property (see, Price v Price, 69 NY2d 8). In making this distributive award, the court did not abuse its discretion in valuing the marital estate, with the exception of the defendant's pension, as of the date the parties were divorced (see, Wegman v Wegman, 123 AD2d 220). Though the instant action had been commenced in 1980, the parties were divorced in 1982 and the equitable distribution trial did not take place until 1985. Given the unique circumstances surrounding the parties' relationship

and contributions to the economic partnership, the date of the parties' divorce represented a fair and equitable valuation date.

In view of the parties' standard of living during the marriage, the plaintiff's long-term absence from the employment market and her role as guardian of the parties' two children, the trial court abused its discretion in awarding her maintenance in the amount of only $200 per week for a period of only two years. The plaintiff's maintenance award has thus been increased in both amount and duration in order to give her adequate time to prepare to reenter the job market and become self-supporting. We reject the plaintiff's contention that the child support award of $350 per week per child is inadequate as the plaintiff has failed to show how that award will relegate the children to a reduced standard of living. Similarly, we find that the trial court did not err in failing to require the defendant to provide the parties' children with private school educations since the evidence failed to establish the existence of special circumstances warranting such an award (see, Kaplan v Wallshein, 57 AD2d 828). Furthermore, while ordinarily there is a preference to award a custodial parent exclusive use and occupancy of the marital home, here, where the marital home is the separate property of the noncustodial parent and there are adequate funds provided through maintenance, child support and the plaintiff's distributive award to pay for appropriate alternate housing, such an award is unwarranted (see, Scheinkman, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:36, 1988 Pocket Part, at 22).

Lastly, we decline to disturb the $50,000 award of counsel fees provided for in the order entered July 23, 1986. Thompson, J. P., Brown, Weinstein and Balletta, JJ., concur.