■ ELIAS THOMAS, Respondent, v EDITH THOMAS, Appellant. —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her notice of appeal and brief, from stated portions of a judgment of divorce of the Supreme Court, Dutchess County (Hillary, J.), entered March 13, 1986, which, in dissolving the marriage, distributed the marital property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff husband and the defendant wife were married in 1958. During the 23 years of their marriage prior to the commencement of the instant action, through their mutual efforts, they succeeded in accumulating marital assets to which the trial court affixed an aggregate equity value of $520,000. During the pendency of the action, the court estimated that the value of the marital property had appreciated to $757,500. Contrary to the defendant's contentions, it is clear that this marital property was accumulated as a result of the parties' joint efforts. During the early years of the marriage, the plaintiff's salary provided the capital which the defendant later so adeptly invested. We are convinced that it was the plaintiff's salary and not the alleged personal injury recovery of the defendant which enabled the parties to amass their assets. The testimony of the defendant was highly contradictory about this alleged recovery and she presented absolutely no documentation to corroborate her testimony. The plaintiff however, did proffer documentary evidence, in the form, inter alia, of tax returns and statements of earnings from the Department of Health, Education and Welfare which established that through June of 1970 his earnings were approximately 10 times greater than those of the defendant.

Thus we reject the contention that virtually all of the parties' assets can be traced back to the defendant's separate property.

It is clear from the record that the court correctly presumed that this lengthy marriage should be considered to be an economic partnership to which both parties contributed *(see, Schussler v Schussler,* 109 AD2d 875). Thus its determination that the marital assets should be split in as equal a manner as possible was not inappropriate *(see, Miller v Miller,* 128 AD2d 844). Nor did the court err in its valuations of the realty accumulated by the parties from marital assets. The values assigned by the court were largely based upon the appraisals of the plaintiff's expert witnesses, who were generally more thorough in their evaluations and more credible in their testimony than were the witnesses presented by the defense *(see, Wilbur v Wilbur,* 116 AD2d 953). Similarly, the plaintiff's pension was correctly valued as of the time of the commencement of the action *(see, Damiano v Damiano,* 94 AD2d 132).

Finally we agree with the trial court that the purported postnuptial agreement was properly set aside as unconscionable. This agreement would have resulted in a distribution of marital assets to the defendant which were worth approximately 10 times the value of the assets being retained by the plaintiff. The facts surrounding the execution of this agreement were highly suspect as the defendant's testimony was repeatedly shown to be unreliable. We are not convinced that the plaintiff ever even executed this undated document which in its original form was totally onesided in favor of the defendant. Clearly this purported agreement was "born of and subsist[ed] in inequity" *(Christian v Christian,* 42 NY2d 63, 72). As the facts surrounding the execution of this agreement are not "free from the taint of fraud and duress" *(Arrow v Arrow,* 133 AD2d 960, 961), we agree that it was correctly set aside *(see, Stern v Stern,* 63 AD2d 700, *lv dismissed* 45 NY2d 712, *rearg denied* 46 NY2d 771).

We have examined the defendant's remaining contentions and find them to be without merit. Under the facts of this case, there is simply no reason for this court to disturb the judgment of the Supreme Court, which fairly and equitably distributed the marital assets. The defendant has not established any entitlement to more than the share awarded to her. Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.