■ DIANE CUSIMANO, Respondent, v SALVATORE CUSIMANO, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Velsor, J.), entered September 2, 1987, which, after a nonjury trial, *inter alia,* (1) awarded maintenance to the plaintiff wife in the sum of $75 per week for three years and child support in the sum of $40 per week per child, and (2) awarded the plaintiff sole title and ownership of the marital premises.

Ordered that the judgment is modified by deleting those portions of the sixth decretal paragraph thereof awarding the plaintiff sole title and ownership of the marital residence and permitting the defendant to retain his sole interest in P.C. Pest Control, Inc., and substituting therefor a provision awarding the plaintiff exclusive possession of the marital residence and the contents thereof until all infant issue are emancipated and directing the sale of the marital residence at that time, with the proceeds to be divided equally between the parties, and directing the defendant husband to pay the sum of $37,300 to the plaintiff as a distributive award of her equitable share of P.C. Pest Control, Inc., the proceeds from the sale of certain stock holdings and the proceeds from the sale of certain jointly owned real property of the parties; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties to this action were married on March 14, 1976, and have three infant children. The plaintiff wife commenced this action for divorce on the basis of cruel and inhuman

treatment. The defendant counterclaimed for a divorce on the same ground.

During the trial, the parties entered into a stipulation pursuant to which the plaintiff would have custody of the couple's children and the exclusive use and occupancy of the marital residence until all the children were emancipated. The stipulation further provided the defendant with visitation rights.

The Supreme Court granted both parties' applications for a divorce, and granted custody and visitation in accordance with the stipulation. The defendant was ordered to pay to the plaintiff the sum of $75 per week for maintenance for three years and $40 per week per child for child support. The court also awarded the plaintiff sole title and ownership of the marital residence together with the contents thereof and an automobile. The defendant was awarded sole interest in his exterminating company and sole title and ownership of the parties' time-sharing condominium in Florida.

Considering all of the facts in this case, which include the plaintiff's contributions to the defendant's business which was formed during the marriage, as well as her contributions as spouse, parent and homemaker (see, Thomas v Thomas, 145 AD2d 477), we find no reason to disturb the trial court's determination that the parties to this marriage be considered equal in their economic contributions to the marriage. The trial court's decision to divide the marital assets in as equal a manner as possible did not constitute an improvident exercise of discretion (see, Thomas v Thomas, supra; Miller v Miller, 128 AD2d 844).

However, the trial court's award of sole title and ownership of the marital residence to the plaintiff was contrary to the parties' stated intention to grant the plaintiff sole and exclusive possession of the marital residence only until all the infant issue were emancipated. Accordingly, the judgment must be modified to reflect the agreement reached by the parties in the stipulation.

Modifying the judgment to reflect the parties' stated intention will not detract from the purpose and intent of equitable distribution. As this court recently noted, courts favor allowing the custodial parent to remain in the marital residence at least until the youngest child reaches the age of 18 or is sooner emancipated (see, Behrens v Behrens, 143 AD2d 617; see also, Ahrend v Ahrend, 123 AD2d 731; Van Housen v Van Housen, 114 AD2d 411; Cassano v Cassano, 111 AD2d 208). In

order to achieve an equal distribution in accordance with the guidelines established by the trial court and the stipulation evidencing the intent of the parties, we conclude that the plaintiff shall be awarded sole and exclusive possession of the marital residence until all infant issue are emancipated and direct that the marital residence be sold at that time with the proceeds to be divided equally between the parties.

The defendant is further directed to make a distributive payment of $37,300 to the plaintiff as her equitable share of the pest control business and the proceeds from the sale of the stock and jointly owned property (see, Domestic Relations Law § 236 [B] [5] [d] [1]-[10]; O'Brien v O'Brien, 66 NY2d 576). Taking into consideration the circumstances of the case and of the respective parties, as well as the probable future financial circumstances of each party (see, Domestic Relations Law § 236 [B] [5] [c], [d]), we conclude that the division of the marital assets as prescribed above will distribute the assets in as equal a manner as possible (Miller v Miller, supra; Bisca v Bisca, 108 AD2d 773, lv dismissed 66 NY2d 741).

Finally, we find that the record fails to support the defendant's contention that the trial court's award of maintenance and child support exceeded his ability to pay. In the detailed analysis of the factors set forth in Domestic Relations Law § 236 (B) (6) and (7), the trial court determined, inter alia, that while the plaintiff did not have the present ability to be self-supporting and that her future earning capacity was uncertain, the defendant, on the other hand, was self-employed and had a stable future earning capacity. The trial court also determined that the living expenses and income reported by the defendant in his statement of net worth and tax returns contained certain disparities which were not satisfactorily explained at trial and that it thus appeared that the defendant had more money available to him than he claimed. "It is settled that a court is not bound by [a party's] own account of his [or her] finances and may, if a version of [those] finances is patently unbelievable, find the income to be higher than that claimed (Matter of Vetrano v Calvey, 102 AD2d 932, 933)" (Bizzarro v Bizzarro, 106 AD2d 690, 692; see also, Kay v Kay, 37 NY2d 632). Accordingly, the trial court did not improvidently exercise its discretion in directing the defendant to pay maintenance and child support to the plaintiff in the sum of $195 per week. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.