■ ANTHONY J. MELE, Appellant, v KATHLEEN B. MELE, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County (Weiner, J.), dated March 16, 1988, as (1) directed equitable distribution of his pension to the defendant wife in the amount of 50% of the benefits payable under the plan, (2)

directed him to pay child support in the amount of $700 per month, (3) failed to permit him to claim the children of the parties as dependents pursuant to Internal Revenue Code § 152 (e) (26 USC § 152 [e]), and (4) directed him to pay the unreimbursed medical expenses of the children.

Ordered that the judgment is modified, on the law, by deleting from the ninth line of paragraph 3 (d) of the twelfth decretal paragraph thereof the words "between the date of the marriage and the date of plaintiff's actual retirement", and substituting therefor the words "between the date of the plaintiff's entry into the Retirement System and the date of the plaintiff's actual retirement"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

The plaintiff husband contends that because the marriage between the parties which was of approximately nine years and four months' duration, cannot be considered long term, the defendant wife was not entitled to 50% of his pension/ annuity rights. The husband also contends that since there was no evidence presented as to the value of his pension rights or the tax implications of the distribution thereof, the court erred in its distribution of that property, and he requests that the issue be remitted to the Supreme Court for a hearing. The plaintiff's first contention assumes that the duration of the marriage is the sole criterion to be used in arriving at an equitable distribution of the marital assets. This is not the case. Duration of the marriage is but 1 of 13 factors listed in Domestic Relations Law § 236 (B) (5) (d). That statute is a reflection of the awareness that marriage is, among other things, an economic partnership, the success of which depends not only on the respective economic contributions of the parties, but also on a wide range of unremunerated services to the joint enterprise, such as homemaking, raising children and providing the emotional and moral support necessary to sustain the other spouse in coping with life outside the home (Price v Price, 69 NY2d 8). Where, as at bar, the facts and circumstances warrant, the court, in its discretion, may effect an equal division of the parties' marital property (see, Marcus v Marcus, 135 AD2d 216; Gluck v Gluck, 134 AD2d 237). As to the issue of valuation, where, as here, the court has properly considered the parties' monetary and nonmonetary contributions to the marriage and the feasibility of a lump-sum award and the proper formula has been applied, valuation of the parties' respective interests may not be required (see, Van Housen v Van Housen, 114 AD2d 411). In

the instant case, however, the court erred when setting forth the formula by which the interests of the respective parties should be calculated at the time the pension benefits are to be distributed. This may be modified by a reviewing court *(Ward v Ward,* 101 AD2d 1006) by applying the proper formula as adopted in *Majauskas v Majauskas* (61 NY2d 481).

The plaintiff also contends that the court erred in increasing the child support payments, which had been awarded temporarily by the Family Court, from $473 per month to $700 per month for both children. At trial, the plaintiff was found to have enjoyed an improved standard of living as the result of raises, promotions and increased employment benefits. The court also found a substantial disparity in income between the parties. It having been demonstrated that the reasonable needs of the children had increased, that the defendant's assets and income were insufficient to meet these needs and that the plaintiff's net worth had substantially increased, an increase in child support was warranted as the order of the Family Court was no longer adequate to provide for the current needs of the children *(see, De Beaumon v De Beaumon,* 118 AD2d 531; *Schussler v Schussler,* 109 AD2d 875). Because of this the court properly found that the plaintiff should bear a greater responsibility for the support of the children *(see, Lang v Downey,* 113 AD2d 1013; *Durso v Durso,* 106 AD2d 608).

We have examined the plaintiff's remaining contentions and find them to be without merit. Mangano, J. P., Eiber, Sullivan and Balletta, JJ., concur.