■ DONNA M. CHURCH, Appellant, v DONALD M. CHURCH, Respondent.—Levine, J. Appeal from a judgment of the Supreme Court (Coutant, J.) ordering equitable distribution of the parties' marital property, entered June 1, 1989 in Broome County, upon a decision of the court.

Plaintiff and defendant were married in March 1964 and have two children, born in 1967 and 1970. In March 1984, the parties separated and this divorce action was commenced October 8, 1984. Thereafter, the parties agreed that plaintiff would obtain a divorce by default and that all support matters would be referred to Family Court.

In January 1989, a trial was held on the sole issue of equitable distribution of the parties' marital property. Supreme Court determined from the testimony and from the parties' stipulations that the marital property subject to distribution included the parties' marital residence valued at $46,500, an adjoining 7.8-acre parcel valued at $21,000, a Ford diesel farm tractor valued at $2,000, a 1984 Eagle automobile valued by the court at $9,750, two 1983 snowmobiles with an accompanying trailer valued at $500 and defendant's pension. The court directed that the marital residence and the adjoining lot be sold as a single unit and that the proceeds be divided equally. Defendant, who was ultimately awarded the net sum of $24,417.50 less one half the costs of the sale of the parties' real property, received a credit for, *inter alia,* one half the value of the tractor and the snowmobiles, and plaintiff received a credit for one half of the value of the car. However, plaintiff's request for a one-half interest in defendant's pension was denied based upon her failure to submit proof establishing its value. This appeal by plaintiff followed.

Initially, plaintiff contends that Supreme Court erred in denying her any interest in defendant's pension. We agree. Although defendant testified that he was uncertain as to whether he was entitled to or eligible for any retirement benefits, a September 1984 letter from a representative of defendant's former union, which was attached to plaintiff's statement of proposed disposition, appears to indicate at least the existence of a pension. It is undisputed that if defendant is in fact entitled to pension benefits, such benefits are marital property subject to equitable distribution inasmuch as they were accrued during the marriage and prior to the commencement of this action *(see, Majauskas v Majauskas,* 61 NY2d 481, 485-486; *Damiano v Damiano,* 94 AD2d 132, 137). Thus, it is our view that plaintiff should be awarded one half of a percentage of each pension payment actually distributed to

defendant in the future, such percentage to be determined in accordance with the formula set forth in *Majauskas v Majauskas* (94 AD2d 494, *affd* 61 NY2d 481).

While we are aware of the cases holding that the absence of any proof by the party seeking to establish an interest in his/her spouse's pension of its value precludes such pension from being divided *(see, e.g., Culnan v Culnan,* 142 AD2d 805, 806, *lv dismissed* 73 NY2d 994; *Del Gado v Del Gado,* 129 AD2d 426, 428; *Michalek v Michalek,* 114 AD2d 655, 657, *lv denied* 69 NY2d 602; *Bizzarro v Bizzarro,* 106 AD2d 690, 692), we cannot conclude that the lack of valuation evidence in this case precludes an award to plaintiff *(see, Parks v Parks,* 159 AD2d 841, 842; *Mele v Mele,* 152 AD2d 685, 686; *Van Housen v Van Housen,* 114 AD2d 411). Plaintiff is not seeking a lump-sum distribution, which clearly would require a calculation of the present value of the pension benefits at the time of divorce *(see, Damiano v Damiano, supra,* at 139). Rather, plaintiff seeks a "share of the periodic pension benefits [defendant] will receive in the future", a preferable method of enforcing a spouse's right to pension benefits where determination of present value is difficult *(supra,* at 139). Here, the parties have limited assets and resources with which to obtain pension evaluation evidence, and any evaluation would be further complicated by the contingencies described in defendant's testimony. Thus, "[l]ittle purpose [would have been] served * * * in incurring the additional expense necessary to litigate the * * * value of [plaintiff's] share" *(Majauskas v Majauskas,* 94 AD2d 494, 497, *supra).* Accordingly, the matter should be remitted to Supreme Court for a determination of the percentage of defendant's pension to which plaintiff is entitled based upon the number of months the parties were married prior to the commencement of this action divided by the total number of months defendant will have earned toward his pension as of the date of retirement *(see, supra,* at 497-498).

Next, we agree with plaintiff's claim that Supreme Court erred in the valuation of the parties' 1984 automobile. The testimony established that the vehicle was purchased by the parties for $13,000 shortly before defendant left the marital home in 1984. However, no evidence was presented establishing its fair market value at the time of the commencement of this action, the appropriate valuation standard *(see, Lord v Lord,* 124 AD2d 930, 932; *Brennan v Brennan,* 103 AD2d 48). Notwithstanding this lack of evidence and without stating its basis therefor, Supreme Court discounted the purchase price by 25% to arrive at a value of $9,750. Because it cannot be

determined from the record whether this valuation was correct, the court, upon remittal, should calculate the vehicle's value in accordance with the above-described standard.

Plaintiff also contends that Supreme Court erred in ordering that the parties' marital residence be sold. We disagree. Absent unusual circumstances not present here, the marital residence should be sold following the judgment of divorce *(see, Wobser v Wobser,* 91 AD2d 826, 827). In view of the ages of the parties' children at the time of trial, plaintiff was not entitled to exclusive possession *(see, Cusimano v Cusimano,* 149 AD2d 397, 398). We have considered plaintiff's remaining arguments and find them to be without merit.

Judgment modified, on the law, without costs, by reversing so much thereof as fixed the value of the parties' automobile at $9,750 and denied plaintiff any interest in defendant's pension; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.