■ BARBARA CARR, Respondent, v BRIAN CARR, Appellant.— In an action for a divorce and ancillary relief, the defendant husband appeals, (1) from a judgment of divorce of the Supreme Court, Westchester County (Coppola, J.), entered May 30, 1989, which granted the plaintiff wife a divorce, custody of the infant issue of the marriage, exclusive occupancy of the marital residence, and an award of maintenance and child support, and, (2) from an order of the same court entered August 22, 1989, which, *inter alia,* denied his motion to vacate an execution directing him to leave the marital residence and for related relief.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting from the third decretal paragraph the words "on alternative weekends" and substituting therefor the words "on three weekends each month through the end of the calendar year 1993 and on alternative weekends thereafter"; as so modified, the judgment is affirmed; and it is further,

Ordered that the appeal from the order entered August 22, 1989, is dismissed, as abandoned; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

A trial court's findings of fact on the issue of cruel and inhuman treatment will not lightly be overturned on appeal *(see, Rispoli v Rispoli,* 131 AD2d 556; *Davis v Davis,* 83 AD2d 547). Under the circumstances of this case, the trial court properly granted the wife a divorce *(see,* Domestic Relations Law § 170 [1]).

Likewise, the findings of the trial court with regard to matters of custody must be accorded great respect, and should not be set aside in the absence of articulated reasons therefor *(see, Eschbach v Eschbach,* 56 NY2d 167, 173). While both parties appear to be capable and loving parents, we find no basis to upset the trial court's conclusion that joint custody is

inappropriate because of the parties' inability to put aside their differences for the good of the children *(see, Braiman v Braiman,* 44 NY2d 584, 589-590; *Trolf v Trolf,* 126 AD2d 544). Moreover, given her role as the primary care provider and her availability to the children, custody was properly awarded to the wife. In addition, the award of exclusive use and occupancy of the marital residence to the custodial parent until the younger child finishes kindergarten, at which time the house is to be sold and the proceeds divided equally between the parties, was reasonable under the circumstances *(see, Wood v Wood,* 139 AD2d 506; *Van Housen v Van Housen,* 114 AD2d 411).

However, we modify the judgment to provide for visitation on three weekends per month until the end of 1993, when the wife is expected to return to full-time employment, based upon her acknowledgment that this would be an appropriate arrangement. To the extent that the issues of visitation on school holidays and spring and winter recesses was not raised before the trial court, we decline to address them. The husband may seek relief in that respect from the trial court.

Further, the court properly determined the amount of maintenance and child support based upon the husband's ability to provide for his wife and children, rather than his claimed current economic situation *(see, Gunn v Gunn,* 143 AD2d 393, 395; *see also, Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941; *Kay v Kay,* 37 NY2d 632, 637). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.