■ RENFORD H. MOYSTON, Appellant, v AUTHENCE JARRETT, Respondent. [603 NYS2d 500] —In an action for divorce and ancillary relief, the plaintiff husband appeals from a judgment of the Supreme Court, Kings County (Imperato, J.H.O.), dated December 4, 1990, which, after a hearing, (1) directed that the former marital residence be sold and the plaintiff be paid only the sum of $25,000 as his equitable share, and (2) found that the defendant wife's one-quarter interest in a second residential property owned by her and her siblings as tenants in common, although acquired during the parties' marriage, was not marital property.

Ordered that the judgment is affirmed, without costs or disbursements.

The husband contends, *inter alia,* that he is entitled to one half of the proceeds from the sale of the marital home, and that the Supreme Court failed to set forth the reasons supporting its decision employing the factors enumerated in Domestic Relations Law § 236 (B) (5) (d), thereby requiring us to make an independent determination of equitable distribution. We do not agree.

While it is true that, when both spouses equally contribute to a marriage of long duration, the division of marital property should be as equal as possible *(see, Bisca v Bisca,* 108 AD2d 773), equitable distribution does not, necessarily, mean equal distribution *(see, Arvantides v Arvantides,* 64 NY2d 1033). The Supreme Court correctly determined that the circumstances of this case did not warrant an equal distribution of the marital property. Upon our review of the record, we are satisfied that the statutory factors enumerated in Domestic Relations Law § 236 (B) (5) (d) were properly considered by the Supreme Court in determining the equitable distribution of the marital property.

For the reasons stated in its decision, the Supreme Court did not err in determining that the one-quarter interest of the wife in the property held by her and her siblings as tenants in common was separate property *(see,* Domestic Relations Law § 236 [B] [1] [d]; *Heine v Heine,* 176 AD2d 77). Thompson, J. P., Ritter, Santucci and Joy, JJ., concur.