■ ELIZABETH F. ADJMI, Respondent, v SAM S. ADJMI, Appellant. [779 NYS2d 80]—

In a matrimonial action to enforce the plaintiff's rights to equitable distribution and maintenance following a foreign judgment of divorce, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Yancey, J.), dated September 11, 2002, as awarded the plaintiff sole title to the marital residence and, upon an order of the same court dated August 21, 2002, made after a hearing (Marks, J.H.O.), directed the defendant to pay the plaintiff's attorney a fee in the sum of $6,823.80.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff sole title to the marital residence and substituting therefor a provision awarding the plaintiff 60% of the value of the marital residence and the defendant 40% of the value of the marital residence; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant; and it is further,

Ordered that within 90 days after service upon the plaintiff of a copy of this decision and order, the marital home shall be listed for sale by either party or with a multiple listing real estate broker at an agreed price or at the market value as determined by Scott H. Gallant & Associates, Inc., the real estate appraiser previously appointed by the Supreme Court, and within 30 days of the sale of the marital home, the proceeds of its sale, less brokerage fees and closing costs, shall be apportioned between the parties consistent with the foregoing, and the plaintiff shall have the option to purchase the defendant's share of the marital residence in accordance herewith.

In 1996 the defendant moved to New Jersey, and a year later commenced an action for divorce against the plaintiff. The parties were divorced pursuant to a judgment of the Superior Court, Monmouth County, dated October 29, 1997.

The plaintiff thereafter commenced the instant action to enforce her rights to equitable distribution and maintenance following a foreign judgment of divorce, pursuant to Domestic Relations Law § 236 (B) (2). After a trial, the Supreme Court awarded the plaintiff sole title to the marital residence, the parties' only significant marital asset. The Supreme Court referred the plaintiff's application for an attorney's fee to a judicial hearing officer, who determined that the defendant should pay $6,823.80 directly to the plaintiff's attorney. The Supreme Court directed the defendant to pay that amount to the plaintiff's attorney.

When both spouses equally contribute to a marriage of long duration, the division of marital property should be as equal as possible (*see* Domestic Relations Law § 236 [B] [1]; *Meza v Meza,*

294 AD2d 414 [2002]; *Miller v Miller,* 128 AD2d 844 [1987]; *Neumark v Neumark,* 120 AD2d 502, 504 [1986]). Taking into consideration the circumstances of the case and of the respective parties (*see* Domestic Relations Law § 236 [B] [5] [c], [d]), we agree with the defendant that he is entitled to a share of the value of the marital residence.

However, contrary to the defendant's contentions, an equitable distribution is not necessarily an equal distribution (*see Moyston v Jarrett,* 198 AD2d 216 [1993]; *Miller v Miller, supra*). Under the circumstances of this case, the plaintiff is entitled to a greater share in the value of the marital home to the extent indicated herein.

Furthermore, the Supreme Court's award of a $6,823.80 fee to the plaintiff's counsel was a provident exercise of its discretion (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]). Ritter, J.P., Smith, H. Miller and Goldstein, JJ., concur.