■ FLORENCE DAVIS, Respondent, v KEVIN O'BRIEN, Appellant. [912 NYS2d 644]—

In a matrimonial action in which the parties were divorced by judgment dated April 4, 2006, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Krauss, J.), entered May 29, 2009, as, after a nonjury trial on the issue of equitable distribution, awarded the plaintiff (1) 60% of certain marital assets, (2) 50% of the value

of the defendant's share of his law partnership, (3) 60% of the capital gains from the sale of a cooperative apartment held to be marital property, and (4) 60% of a joint bank account that the defendant held with a third party valued at $53,755.

Ordered that the judgment is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff 50% of the value of the defendant's share of his law partnership, and substituting therefor a provision awarding the plaintiff 20% of the value of the defendant's share of his law partnership, and (2) by deleting the provision thereof valuing the joint bank account the defendant held with a third party at $53,755, and substituting therefor a provision valuing it at $25,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

In making an equitable distribution of marital property, the trial court is vested with broad discretion and, in the absence of an improvident exercise of that discretion, its determination should not be disturbed (*see Schwartz v Schwartz*, 67 AD3d 989, 990 [2009]; *Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]). When both spouses equally contribute to a marriage of long duration, the division of marital property should be as equal as possible; however, equitable distribution does not necessarily mean equal distribution (*see Bernholc v Bornstein*, 72 AD3d 625, 628 [2010]; *Adjmi v Adjmi*, 8 AD3d 411, 412-413 [2004]; *Moyston v Jarrett*, 198 AD2d 216 [1993]). "Equitable distribution is 'based on the premise that a marriage is, among other things, an economic partnership to which both parties contribute as spouse, parent, wage earner or homemaker' " (*K. v B.*, 13 AD3d 12, 17 [2004], quoting *O'Brien v O'Brien*, 66 NY2d 576, 585 [1985]). "The distribution of marital assets depends not only on the financial contribution of the parties 'but also on a wide range of nonremunerated services to the joint enterprise, such as homemaking, raising children and providing the emotional and moral support necessary to sustain the other spouse in coping with the vicissitudes of life outside the home' " (*K. v B.*, 13 AD3d at 17, quoting *Brennan v Brennan*, 103 AD2d 48, 52 [1984]).

Here, the Supreme Court's determination to award the plaintiff 60% of certain marital assets was based on the significant decrease in the defendant's contributions to the marriage as a financial, emotional, and supportive partner for more than four years. In this regard, the Supreme Court credited the plaintiff's testimony, and its assessment, entitled to great weight on appeal, will not be disturbed here (*see Tsigler v Kasymova*, 73 AD3d 1159, 1160 [2010]; *Schwartz v Schwartz*, 67 AD3d at

990). Accordingly, the Supreme Court's determination awarding the plaintiff 60% of certain marital assets was not an improvident exercise of discretion (*see Naimollah v De Ugarte*, 18 AD3d 268, 269 [2005]).

However, the Supreme Court improvidently exercised its discretion in awarding the plaintiff a distributive share of 50% of the defendant's law partnership. Under the particular circumstances of this case, where the plaintiff successfully embarked on her own full-time career and made only indirect contributions to the defendant's career, the award to the plaintiff of 50% of the value of the defendant's law partnership should be reduced to 20% (*see Peritore v Peritore*, 66 AD3d 750, 752-753 [2009]; *Wagner v Dunetz*, 299 AD2d 347, 349 [2002]; *Granade-Bastuck v Bastuck*, 249 AD2d 444, 445 [1998]).

The capital gains from the sale of a cooperative apartment were properly determined to be marital property (*see Bartha v Bartha*, 15 AD3d 111, 115 [2005]; *Antenucci v Antenucci*, 193 AD2d 948, 949 [1993]). However, the Supreme Court improperly valued a joint bank account the defendant held with a third party at $53,755, as a significant portion of that account contained some of the capital gains from the sale of the cooperative apartment. Therefore, in order to prevent duplicate distribution, the value of that account must be reduced to $25,000 (*see Wagner v Dunetz*, 299 AD2d at 349-350; *Annis v Annis*, 147 AD2d 668, 669 [1989]). Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.